WILTON v. CITY OF DETROIT.

| 138 | 67 |
| 155 | 169 |

1. MUNICIPAL CORPORATIONS — NOTICE OF CLAIM FOR INJURY — WAIVER.

> The notice of claim for negligent injury which the charter of Detroit (Act No. 463, Local Acts 1895, § 46) provides must be served upon the corporation counsel is not waived by consideration by the common council of claimant's claim though the assistant corporation counsel was present and made no objection.

2. SAME—ACTIONS—LIMITATIONS—SERVICE ON WRONG OFFICER.

> Filing and service of a declaration as commencement of suit is not sufficient under the charter of Detroit (Act No. 463, Local Acts 1895, § 46), where the service is made upon the wrong officer and proper service is not had until the year has passed; 3 Comp. Laws, § 9985. The saving statute (3 Comp. Laws, § 9738) has no application to cases barred by the law of 1895.

Error to Wayne; Rohnert, J. Submitted October 7, 1904. (Docket No. 41.) Decided October 18, 1904.

Case by Mary Wilton against the city of Detroit for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*William Look* (*George Gartner*, of counsel), for appellant.

*P. J. M. Hally* (*Timothy E. Tarsney*, of counsel), for appellee.

HOOKER, J. The plaintiff claims to have been injured through defendant's negligence on July 6, 1901. On the 23d day of the same month she presented her petition for compensation to the common council, but she never served the notice upon the city counselor, required by Act No. 463, Local Acts 1895, § 46:

"No action shall be brought against said city, nor any

of its boards, commissions, or officers, for any negligent injury unless it be commenced within one year from the time when the injury was received, nor unless notice shall be given in writing within three months from the time of such injury to the head of the law department or to his chief assistant, of the time, place, and cause of such injury and of the nature thereof."

The petition was referred to the committee on claims and accounts, with whom it slumbered until October 29, 1901, when the committee listened to the testimony of some witnesses produced by the plaintiff. The assistant corporation counsel was present and made no objection to the proceeding. On November 19th the committee reported adversely on the claim, and it was denied.

On July 2, 1902, the plaintiff began an action upon this claim, filing declaration as the commencement of suit. Service was had upon the city comptroller, and this was set aside by the court. Some days later plaintiff caused another copy to be served properly.

It is now claimed that the defendant must prevail, under the plea of the statute of limitations hereinbefore quoted. We have held that the council might waive the statutory notice upon the city counselor, before the expiration of the time for service thereof, but expressed doubt of his being able to do so. In this case we find nothing to justify us in declaring the notice waived.

Again the case is barred by the statute of limitations applicable to this class of cases in Detroit. See Act No. 463, Local Acts 1895. The statute (3 Comp. Laws, § 9985) clearly points out what shall constitute commencement of suit by declaration, and it includes service of a copy personally upon the defendant. It is conceded that the first service was a nullity, because not upon the proper officer. The second was too late.

The case cannot be saved by 3 Comp. Laws, § 9738, as that section has no application to cases barred by the law of 1895 heretofore cited.

We are constrained to affirm the judgment.

The other Justices concurred.