ELIZABETH LYONS, Respondent, v. THE CITY OF
ST. JOSEPH, Appellant.

Kansas City Court of Appeals, May 22, 1905.

MUNICIPAL CORPORATIONS: Personal Injury: Notice of: Suffi-
ciency: Statutory Construction. The statutory requirement of
giving notice to the city of a personal injury is intended for
the benefit of the city, and substantial compliance therewith is
a condition precedent to an action; and though the statute
should be liberally construed, yet its express provisions can not
be ignored; and a notice set out in the opinion is held fatally
defective since it fails to state how the injury was received.

Appeal from Buchanan Circuit Court.—*Hon. W. K.
Amick*, Special Judge.

REVERSED.

*James M. Wilson*, City Counselor, and *G. L. Zwick*,
Assistant City Counselor, for appellant.

(1) The notice introduced in evidence did not state
the circumstances of the injury. So far as any informa-
tion in the notice is concerned, the injury might have
been caused by ice or snow, an incline in the walk, a wet
condition thereof, a banana peel, a protruding gas pipe,
a broken plank, absence of bricks, water flowing under
the walk, a telephone pole, an electric wire, or even
a common assault. (2) The notice is a condition
precedent to maintaining the suit and it must have
reasonable certainty to be of any use whatever. This no-
tice is a blank so far as any description of the defect is
concerned. Stoors v. Denver, 11 Mun. Corp. Cases 560,
73 Pac. 1094; Reno v. St. Joseph, 169 Mo. 654.

*J. B. O'Connor* and *Thos. F. Ryan* for respondent.

(1) Appellant in its first point made in its brief says that this case ought to be reversed because the notice introduced in evidence did not state the circumstances of the injury and that the notice is a condition precedent to the maintenance of the suit and must have reasonable certainty to be of any use whatever and that the notice introduced in evidence failed to meet these requirements. In support of this proposition they cite two cases: Stoors v. Denver, 73 Pac. 1194; Reno v. St. Joseph, 169 Mo. 642. (2) An examination of these cases will show that the case of Stoors v. Denver, supra, has no application as an authority in this case, as the statute which was construed and the facts in that case are altogether different from the statute in this case, and the opinion in that case was based upon the facts as applicable to that case. The Colorado statute upon which this decision was based required that the notice shall state "fully how the injury occurred," and the court constructed the word "how" to mean the defect in the walk that caused the injury. The Missouri statute simply requires that the notice shall state the "place, time, when and the character and circumstances of the injury."

JOHNSON, J.—Action for personal injuries alleged to have been received from a fall occasioned by a defective sidewalk. Plaintiff recovered judgment. The notice given defendant as required by section 5724, Revised Statutes 1899, is attacked for insufficiency in failing to specify the circumstances of the injury. It is as follows:

"You are hereby notified that I, Elizabeth Lyons, will institute an action against the city of St. Joseph and others who may be jointly liable for damages by reason of injuries sustained by me on the 5th day of October, 1903. Said injuries were sustained by me while walking upon the sidewalk of said city at the intersec-

tion of Dewey avenue and Louis street, and more particularly described as that part of the sidewalk lying and being situate on the southwest corner of lot one, block 23, Robidoux addition to the city of St. Joseph. The nature of said injuries were sprains to the limbs and severe bruises to the body resulting in blood poisoning to the right arm and shoulder, which said injury is likely to remain permanent."

The purpose which prompted the enactment of section 5724 was to put a check upon the prosecution of fictitious and exaggerated claims for damage begun after the obliteration through lapse of time and change in physical condition, of the evidence by which they could be refuted. In furtherance of this purpose a plaintiff is required within sixty days of the occurrence to give the city written notice containing information relative to the claim sufficient to enable a full and accurate investigation to be made respecting its merits. As stated in Reno v. City, 169 Mo. 1. c. 655, the notice "is intended for the benefit of the city in order to put its officers in possession of the salient facts upon which the claim for damages is predicated, and the place where the injury is alleged to have occurred, in order that they may investigate them and thereby ascertain whether the claim be a just one or fictitious and fraudulent."

The giving of the notice in substantial compliance with the requirements of the statute is a condition precedent to the right to recover. Four points must be covered therein: The time, place and circumstances of the occurrence must be stated, together with the character of the injuries sustained. Actual knowledge of the officers of the city relative to these facts, or any of them, is without effect to dispense with the giving of the notice or with the statement therein of any essential fact. It was held, however, in Reno v. City, supra, that substantial compliance is all that should be exacted. The notice need not detail the facts elemental to a recovery with the exactness required in a petition. Its function is to

impart information sufficent to enable the city to ascertain the cause relied upon, and when this is done a strict construction of the statute should not be indulged to destroy the efficacy thereof because of formal defects. But after all has been said that can be said in favor of a liberal construction, no interpretation of a statute is permissible that involves the ignoring of its express provisions. The giving of notice is required in every case, regardless of other sources and means of information possessed by the city. It must be sufficient within itself. It is just as imperative to include therein a statement of the manner of injury as it is the time or place, or as it is to give any notice at all. To hold otherwise would open the door to fraud and defeat the purpose of the enactment. A claimant would be permitted to leave the city entirely in the dark respecting the most important fact of all until he chose to bring his suit. We are cited to no authority justifying such construction.

. The only statement contained in the notice relative to the cause of injury is that it was received by plaintiff "while walking upon the sidewalks of said city at a point," etc. This was no information at all. People are injured from so many different causes while walking upon sidewalks that the attention of the city cannot be said to have been directed to any particular one. It could not he told from the notice how plaintiff claimed to have been injured. For aught disclosed it might have resulted from an excavation in the way, an obstruction upon the way, a worn, uneven and irregular condition of the ground, a wet and slippery surface, a falling pole or sign, a protruding pipe, loose board or open hole. In the Reno case the notice stated that plaintiff slipped and fell and was permanently injured, "said accident occurred by reason of snow and ice being allowed to accumulate on said sidewalk." It was held sufficient because attention was directed to the cause relied upon. And here, if anything in the notice tended to point out the cause of

injury, we would not condemn it for insufficiency. In a recent case before us (Strange v. City of St. Joseph, 112 Mo. App. 629) the notice stated in general terms that plaintiff fell "by reason of the imperfect and defective condition of a certain sidewalk," etc. We held it sufficient because it focalized attention upon a specific cause, though indefinitely stated. But in the case before us, in order to sustain the notice we would have to hold the provision of the statute requiring a statement of the circumstances of the injury to be meaningless and of no effect.

Much as we regret turning plaintiff out of court upon this ground, we feel bound to recognize and enforce the plain intent embodied in the statute. Authorities sustaining the views expressed are as follows: [George v. Edelbrock, 97 Mo. App. 56; Stoors v. Denver, 73 Pac. 1094; Noonan v. Lawrence, 130 Mass. 161; Miles v. Lynn, 130 Mass. 398; Van Loan v. Village of Lake Mills, 88 Wis. 430; Mears v. Spokane, 22 Wash. 323; Kenady v. Lawrence, 128 Mass. 318; Williams v. Portchester, 89 N. Y. Sup. 671.]

The conclusion reached disposes of the case and makes it unnecessary to decide other questions presented.

The judgment is reversed. All concur.