## HARRIET RICH vs. CITY OF EASTPORT.

### Washington.   Opinion July 3, 1913.

*Claim for Damages. Defect. Exceptions. Highway. Injuries. Motion. Newly Discovered Evidence. Notice. Safe and Suitable Condition.*

1. A notice to the municipal officers of injuries received by reason of a defective highway that contains no claim for damages, nor specifies the nature of the injuries, is fatally defective.
2. Whether the municipal officers knew otherwise the requisites of a legal notice is immaterial, as the written notice provided by statute is an indispensible prerequisite to the right to maintain the suit.
3. The municipal officers cannot waive the required statutory notice.

On exceptions and general motion for new trial and motion for new trial on the ground of newly discovered evidence by the defendant. Motion for new trial sustained.

This is an action on the case to recover damages sustained by the plaintiff and caused by an alleged defect in a way in said City of Eastport. Plea, general issue. The jury returned a verdict for the plaintiff for $1852. The defendant filed exceptions to the admission of testimony of the contents of the written notice to the municipal officers of the injuries to the plaintiff, and a general motion for a new trial, and a motion for a new trial on the ground of newly discovered evidence.

The case is stated in the opinion.

*L. D. Lamond, and H. H. Gray,* for plaintiff.

*E. W. Pike, and J. H. Gray,* for defendant.

SITTING:  SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.   Case against the defendant city for injuries caused by an alleged defect in a way. The plaintiff obtained a verdict, and the case comes before us on exceptions by the defendant and the

ordinary motion for a new trial, and a motion for a new trial on the ground of newly discovered evidence. The view we take of the latter motion renders it unnecessary to consider any other question.

The statute, R. S., Chap. 23, Sect. 76, provides that a person injured by a defect in a way cannot recover damages of the town whose duty it was to keep the way in a safe and suitable condition for travel, unless he, or some person in his behalf "shall within fourteen days thereafter, notify . . . one of the municipal officers of such town, by letter or otherwise, in writing, setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury."

At the trial it was admitted that a letter was seasonably sent to the mayor and aldermen of Eastport by one of the attorneys of the plaintiff, and that the letter was received by Mr. Garnett, who was then mayor. The letter was not produced by the defendant, and the plaintiff was permitted to show its contents by the testimony of the attorney who wrote and mailed it. This testimony showed that the letter contained all the essential elements of notice required by the statute, and the case then proceeded to a verdict.

After the verdict, the defendant filed its motion for a new trial, setting forth in substance that due diligence had been used before the trial to find the letter, that the search was unsuccessful, and that some weeks after the trial Mr. Garnett found the letter among some private letters of his own. A copy of the letter was made a part of the motion. The evidence taken under this motion shows satisfactorily that, shortly before the trial, the files, desks and safes in the city clerk's office, and the mayor's office were carefully searched by Mr. Swett who was then mayor and by the city clerk, for the purpose of finding this letter in order that it might be used at the trial; and that it could not be found. It also appears that Mr. Garnett, the former mayor, was notified of the loss of the letter, and that he searched through his files, his desk, and, as he says, "in every available place where he was in the habit of filing any papers," and that he did not find it. In December, following the trial in October, Mr. Garnett says he was clearing out a hat tree in his hall, at the bottom of which was a receptacle with a cover over it. In this receptacle he kept old gloves, fishing tackle and so forth.

In it at this time he found a bundle of old letters. Examining these to see whether they should be kept or destroyed, he found the letter in question in one of the envelopes with another letter. He says that this receptacle was not the place where he kept his letters, and that he did not know they were there until he accidentally found them there in the manner stated.

The letter thus found reads as follows: "Eastport, Maine, Sept. 10, 1910. To the Hon. Mayor and Board of Aldermen for the city of Eastport.'

"You are hereby notified that on the 2nd day of September, A. D. 1910, about eight o'clock in the evening, I received and suffered bodily injury by the team, in which I was riding, falling into an excavation in the highway, in said Eastport, made by the road commissioners, at a point between the entrance to the Spring Farm (so called) and the premises occupied by Andrew Stevenson, said excavation not being suitably protected by a railing or sufficient lights to warn the traveling public of danger." The notice was signed by the plaintiff by her attorney.

No suggestion is made that the notice found by Mr. Garnett is not the genuine notice sent to the mayor and aldermen. It was manifestly fatally defective in at least two particulars. It makes no claim for damages. *Wagner* v. *Camden,* 73 Maine, 485. It does not specify the nature of the injuries. *Low* v. *Windham,* 75 Maine, 113; *Joy* v. *York,* 99 Maine, 237.

But the plaintiff argues that the case elsewhere shows that the municipal officers knew otherwise all that a perfect notice would have shown them, and that by their conduct they had waived the imperfections in the notice. Neither point is well taken. The knowledge of the municipal officers is immaterial. The written statutory notice is an indispensible prerequisite to the right to maintain a suit. *Clark* v. *Tremont,* 83 Maine, 426. The municipal officers cannot waive. *Veazie* v. *Rockland,* 68 Maine, 511.

Finally, the plaintiff contends that the defendant did not use due diligence before the trial to find the notice, and that the evidence is not newly discovered, because it was known by the defendant's officers to exist before the trial. Neither of these contentions can be sustained. We think the evidence shows that the defendant

used all reasonable and due diligence to find the notice before trial. It was for the advantage of the defendant to find it then, for it afforded a perfect defence. Search appears to have been made in every place where there was any reason to expect that it would be found. It could not be found. It was lost. The city officials knew that it had been in existence. They did not know, and apparently could not know, that it was still in existence. Its existence was discovered after the trial. It was newly discovered, within the meaning and spirit of the law. The new discovery of the existence of written evidence of this character is a much more satisfactory ground on which to grant a new trial, than is the discovery of a new witness. This is certain. The testimony of a new witness may be uncertain, imperfect, untruthful and suborned. It is made clear that the attorney who testified as to the contents of the notice was mistaken in his recollection. The notice itself, now found and produced, demonstrates that the plaintiff cannot maintain her action, and that the verdict in her favor is unmistakably wrong.

*Motion for a new trial sustained.*