## WAGNER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. MUNICIPAL CORPORATIONS (§ 819*)—STREETS—ACTIONS FOR INJURIES FROM DEFECTS—EVIDENCE.

In an action against a city for injuries caused by stepping into a hole adjacent to a temporary crossing at a place where the surface of a street was disrupted by subway work, evidence *held* insufficient to show negligence on the part of the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

2. MUNICIPAL CORPORATIONS (§ 812*)—ACTIONS—CONDITIONS PRECEDENT—NOTICE OF INTENTION TO SUE.

Where a person having a claim for personal injuries against a city filed no notice of intention to sue with the corporation counsel, a notice of the claim, served on the comptroller, which contained no notice of intention to sue, did not satisfy the statute.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. § 812.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Appellate Term, First Department.

Action by Mary Wagner against the City of New York for personal injuries. From a determination of the Appellate Term, affirming a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

William E. C. Mayer, of Brooklyn, for appellant.

Sidney H. Stuart, of New York City, for respondent.

HOTCHKISS, J. [1] On September 29, 1912, plaintiff was walking up Broadway, and had reached the northerly side of Mail street, where the surface was disrupted by subway work, when she stepped into a hole adjacent to the temporary wooden crossing at that point and fell. In describing the hole, she said:

"It was broken asphalt, with dirt on it, * * * about 6 inches deep in the middle part where I fell."

But when asked to describe it particularly, she said:

"All I can remember is the broken asphalt with dirt in the bottom."

Then, when pressed further, she repeated it was about 6 inches deep in the part where she fell and maybe "a couple of feet" broad.

Solomon, a post office employé, sworn for plaintiff, testified that there had been jagged holes in that vicinity for some time, and that within two or three feet of the scales (at about the southwest corner of City Hall Park) there was one five inches deep and a couple of feet on each side, according to his estimate. He did not know where plaintiff fell. No previous accident was shown. This was substantially all the testimony. The case falls within the Lalor Case, 208 N. Y. 431, 102 N. E. 558, and also Vanderborg v. City of New York, 158 App. Div. 297, 143 N. Y. Supp. 26.

[2] Plaintiff filed no notice of intention to sue with the corporation counsel. At the trial she was permitted to amend in this regard. To support her amendment, she proved due service of notice of claim on the comptroller, which notice she argues must have reached the corporation counsel, because she was afterwards examined at the instance of the comptroller, and within the time when her notice should have been served on the corporation counsel.

The notice of claim served on the comptroller contained no notice of intention to sue, and was clearly insufficient to satisfy the statute in that regard.

The determination appealed from, and the judgment of the Municipal Court, should be reversed, and defendant's motion to dismiss the complaint granted, with costs in all courts.

INGRAHAM, P. J., and McLAUGHLIN, J., concur. LAUGHLIN and DOWLING, JJ., concur on the second ground.