BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1917.

WARREN D. REID, Appellant, v. KANSAS CITY MISSOURI, Respondent.

Kansas City Court of Appeals, March 5, 1917.

1. **MUNICIPAL CORPORATIONS: Negligence: Notice of Injury: Compliance with Statute.** The giving of the notice required by the Act of March 21, 1913, Laws 1913, page 545, is a condition precedent to the maintenance against a city of 100,000 inhabitants of an action for personal injuries received through a defect in the street. The statute must be substantially complied with.

2. ———: ———: ———: ———. The statute requiring written notice to be given the mayor of a city of 100,000 inhabitants of any injury received by reason of a defect in the street, within ninety days of the occurrence, before any action thereon can be maintained (Laws 1913, p. 545), is mandatory, and should be strictly construed as to the requirement of the notice within the time limit set and the proper officer to whom it is to be given, but should be liberally construed as to contents of the notice.

3. ———: ———: ———: ———. Even though police officers, pursuant to ordinance, made written reports to the city counsellor and health commissioner of an accident within the ninety-day period, they could not be treated as a compliance with the statute nor obviate the necessity of giving the notice required.

4. ———: ———: ———: ———: **Waiver of Notice: Disability of Injured Party.** Actual knowledge of the officers of a city relative to the facts of an accident is without effect to dispense with the giving of the notice required by the statute or with the statement therein of every essential fact. Nor can the officers of the city waive the giving of such notice. And since the statute provides for no exceptions in case the injured person is unable to give notice, such incapacity will not excuse failure to give same.

195 M. A.] (457)

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Park & Brown* and *Phinneas Rosenberg* for appellant.

*J. A. Harzfeld* and *Francis M. Hayward* for respondent.

TRIMBLE, J.—The appeal herein arises upon the sustaining of a demurrer to plaintiff's amended petition. Action was brought to recover damages for personal injuries alleged to have been sustained by reason of a defect negligently allowed to remain in a street, into which the front wheel of plaintiff's loaded wagon dropped and was broken, throwing plaintiff out and breaking his arm and otherwise injuring him. The basis of the demurrer is that the petition states no cause of action in that it fails to show a compliance with the Act of March 21, 1913, Laws 1913, page 545, in reference to the giving of notice in writing to the Mayor of the city within ninety days of the occurrence.

In considering the sufficiency of the demurrer, the facts stated in the petition are taken as true; wherefore, we set them forth as follows:

Plaintiff was, as heretofore stated, injured by being thrown from his wagon, on August 21, 1914. Plaintiff's original petition was filed May 15, 1915. His amended petition, against which the demurrer was sustained, was filed June 15, 1916. Consequently, his suit was not instituted until nearly nine months after his injury and institution of the suit cannot be treated as notice since it was not within the ninty days provided by the statute.

At the time of plaintiff's injury, and at all times ever since, two sections of the city ordinances were in force. One of these, section 1022, made it the duty of all policemen to make written reports of all accidents coming to their knowledge, caused by the defective condition of any street, where there may be a liability on

the part of the city for damages.    Said reports were required to state the time and place of the accident, the name and residence of the injured party, the extent of the injury, names of witnesses to the accident, and all other facts obtainable in regard to it; and these reports were required to be delivered to the City Counselor and Health Commissioner.    Section 1023 made it the duty of the Health Commissioner to visit the person injured and ascertain the nature and extent of the injuries received and obtain from such person a statement of the manner and cause of the accident.    The section further required that all information received by the Health Commissioner shall be reduced to writing and immediately transmitted to the City Counselor, who shall preserve the same for reference in case of suit being brought against the city for any such injury or accident.

Within one week after plaintiff's injury, police officers made written reports of the said accident and injury and the same were delivered to the City Counselor and the Health Commissioner.

Within sixty days after said injury, the Health Commissioner visited plaintiff and interrogated him as to the nature and extent of his injuries, and obtained from him a statement of the manner and cause of the accident, and also examined plaintiff's body and injuries; and such information so derived was reduced to writing and immediately transmitted to the city counselor.    Plaintiff answered all questions put to him fully, and truthfully stated all the facts and circumstances pertaining to his said injury.    He was cared for in the General Hospital of the city by surgeons appointed and designated by it.

After the suit was brought, which, as stated, was long after the expiration of ninety days from the date of the injury, plaintiff was required, on motion of defendant, to undergo an examination by a physician appointed by the court, and was subpeonaed and was required by the City Counselor to give his deposition, at which plaintiff was required by the City Counselor to give full

answers as to the time, place, circumstances and extent of his injury, all of which questions plaintiff fully and truthfully answered.

For more than ninety days after said injury, plaintiff was confined to the hospital and suffered great pain and disorder of mind, during which time he was unable to employ counsel or attend to business. How long such inability lasted is not stated, and it is not said that it continued until suit was brought.

No formal notice in writing was served upon the mayor, and unless the foregoing facts constitute notice within the meaning of the statute, or dispense with such notice by accomplishing every purpose of such requirement and thereby removing the reason for such notice, or unless the City Counselor has waived the giving of the statutory notice, plaintiff has no right to maintain his action.

Said statute provides that "No action shall be maintained against any city of this state . . . (of 100,000 population) . . . on account of any injuries growing out of any defect in the condition of any . . . street . . . in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city."

Notice to the city, in substantial compliance with the above statutory requirements, is a condition precedent to the maintenance of the action. [Reno v. City of St. Joseph, 169 Mo. 654; Lyons v. St. Joseph, 112 Mo. 681; Canter v. St. Joseph, 126 Mo. App 629; Jacobs v. City of St. Joseph, 127 Mo. App. 669.] Those statutory requirements are (1) that the notice must be in writing (2) it must be given to the mayor, (3) within ninety days from the injury, and it must state with reasonable certainty, (4) the place where (5) the time when such injury was received, (6) the character and circumstances of the injury, and (7) *"that the person* so injured

*will claim damages* therefor from the city.'' And a notice, even if given to the mayor within the ninty days, which fails to state or omits any one of the remaining four requirements, is insufficient. [Purdy v. City of New York, 193 N. Y. 521 (where the notice failed to state the place of the accident); Jacobs v. City of St. Joseph, 127 Mo. App. 669 (where the notice failed to state the character of the injuries); Lyons v. City of St. Joseph, 112 Mo. App. 681 (where the notice failed to state how the injury was received).]

It will be observed that the petition merely states that the police officers made written reports of the accident injury to the Chief of Police, City Counselor and Health Commissioner. It does not state specifically what those reports contained. Since the ordinance required such reports to state the time and place of the accident, the name and residence of the injured party, the extent of the injury, names of witnesses to the accident, and all other facts obtainable in regard to it, there may perhaps be an *inference* that reports contained these matters, since it may be presumed that the police officers did their duty and that the reports contained the matters required to be in them. But even if an inference could be allowed to supply the place of an express affirmative allegation of such facts in the pleading of a cause of action, nevertheless there could be no such presumption that the reports stated the person injured would claim damages from the city. So that, aside from the fact that the reports were not made to the mayor, to whom the notice is required to be given, the police reports cannot be treated as sufficient notice since they did not contain the seventh and last requirement of the statute, namely, that the person injured will claim damages. Unless the notice contains such statement in some way, it is insufficient. [Wagner v. Inhabitants of Camden, 73 Mo. 485; Wagner v. City of New York, 145 N. Y. Supp. 683.] Under no view could a report made by one city officer to another be treated as conveying an intimation from the injured party that he would claim damages. In Weinstein v. City of New

York, 141 N. Y. Supp. 372, it was held that the mere failure to state an intention to sue did not invalidate a notice that was otherwise sufficient, but in that case a notice was given and it came from the injured party himself.

The statute makes the giving of the notice within the required time a condition precedent to the maintenance of the suit, and is therefore, a mandatory act, to be construed strictly with regard to the requirement of notice within the time limit set and to the proper official to whom notice is to be given, but to be construed liberally as to the *contents* of the notice, it being sufficient if the requirements of the statute as to such contents are substantially complied with. [City of East Chicago v. Gilbert, 108 N. E. 29.] Here no notice whatever was given by the injured person, and consequently cases which deal liberally with the contents of notices which were given, are not deemed to be in point. Where a notice has been given, its sufficiency under the statute is a remedial matter and should be liberally construed, so long as a substantial compliance with the statute is observed. [28 Cyc. 1450.] As we view the matter, the written reports made by the policemen to the City Counselor and to the Health Commissioner cannot be treated as being notice in substantial compliance with the statute.

But plaintiff says the purpose of the statute is to enable the city to investigate the circumstances of an injury while conditions and the memories of witnesses are fresh, and thus protect itself from fraudulent and exaggerated claims; and as the city, through these reports, obtained all the information and knowledge that a statutory notice would have given, therefore the purpose of the statute was accomplished. The necessary logic of that reasoning is that a statute, which effectuates a purpose by requiring a certain method or course of procedure to be followed, may be ignored or disregarded, provided the purpose in view is effectuated in some other way not authorized or directed. We cannot give our approval to such a doctrine or to the position taken by plaintiff on this point. [Touhey v. City of Decatur,

175 Ind. 98.] In addition to other considerations, it cannot be said that the city conclusively obtained all the knowledge that a statutory notice would give. Nor can it be said that, if it did, the full purpose of the statute was accomplished.

Mere knowledge of plaintiff's injury and the facts surrounding it, on the part of the city officers, does not dispense with the statutory notice. "Actual knowledge of the officers of the city relative to these facts, or any of them, is without effect to dispense with the giving of the notice or with the statement therein of any essential fact." [Lyons v St. Joseph, 112 Mo. App. 681, 683; Canter v. St. Joseph, 126 Mo. App. 629, 634.] "The knowledge of the municipal officers is immaterial. The written statutory notice is an indispensible prerequisite to the right to maintain a suit." [Rich v. City of Eastport, 116 Mo. 537, 539; Clark v. Tremont, 83 Me. 426. See, also, Pende v. City of Salisbury, 160 N. C. 363.]

Nor could the fact that the City Counselor, after suit was brought, filed a motion under which plaintiff was required to submit to an examination, and that said City Counselor had plaintiff subpoenaed and took his deposition, create either a waiver of notice or an estoppel against the city. The statute cannot be waived. [Touhey v. City of Decatur, 175 Ind. 98.] Even the mayor would have no power to waive notice. [Rich v. Eastport, 110 Me. 537, 539.] Much less would the City Counselor have such power. And such facts as above shown are not sufficient to constitute waiver. [Winter v. City of Niagara Falls, 190 N. Y. 198.] The cases of Germaine v. City of Muskegon, 105 Michigan 213, Griswold v. Luddington, 116 Mich. 401, Wright v. Village of Portland, 118 Mich. 23, do not decide that the absence of notice may be waived but only that certain defects in the notices given may be waived. There could be no element of estoppel created by such acts of the City Counselor since the time for giving notice had long since elapsed at the time suit was brought, and such

acts of the City Counselor did not lead plaintiff to omit giving the notice within the required time.

The statute provides for no exceptions in case the injured person is unable to give notice. And we do not have the power to engraft an exception upon it. [Peoples v. City of Valparaiso, 178 Ind., 678; Hoffman v. Milwaukee etc. R. Co., 127 Wis. 76; Davidson v City of Muskegon, 11 Mich. 454; Ransom v. City of South Bend, 76 Wash. 396; Touhey v. City of Decatur, 175 Ind. 98.]

The judgment of the trial court sustaining the demurrer is affirmed. All concur.