## CHRISTINE OLSON v. CITY OF VIRGINIA.[1]

October 3, 1941.

No. 32,877.

E. J. Larsen, for appellant.

Stone, Manthey, Carey & MacDougall, for respondent.

PETERSON, JUSTICE.

Plaintiff appeals from an order sustaining the demurrer to the complaint.

[1] Reported in 300 N. W. 42.

On January 23, 1940, plaintiff was injured while walking on a crosswalk on one of the streets in the defendant city. She alleges that her injuries were caused by defendant's negligence. The accident occurred in the presence of a police officer, who was an investigator for the defendant. He called an ambulance to take plaintiff to a hospital. Then he filed a report as such police officer showing that he had investigated the accident, stating the facts and circumstances thereof. Plaintiff obtained a copy of the report, signed it, and caused it to be presented to defendant's city council for the purpose of giving notice of claim for the personal injuries which she had sustained. While the copy of the report showed the time, place, and circumstances of plaintiff's injuries, it contained no statement of the amount of compensation claimed by her or that she was giving notice of claim.

The only point made by defendant is that the notice was insufficient as a notice of claim because it failed to state the amount of compensation demanded by plaintiff. Plaintiff not only claims that the notice was sufficient but counters that defendant had actual notice of all the facts of which it was entitled to have notice and that it is estopped from asserting that the notice given was not sufficient for the reasons that it made no objection to the sufficiency of the notice of claim served upon it and conducted an investigation from which it ascertained all the facts of which notice could have been given.

■ Every person who claims damages from a city for injuries sustained by reason of defective streets or through the negligence of its employes is required by Mason St. 1927, § 1831, to cause a written notice to be presented to the governing body of the city stating the time, place, and circumstances of the injury and the amount of compensation demanded. The statute expressly provides that no action shall be maintained unless such notice has been given. Section 321 of the home rule charter of defendant is substantially the same as the statute. Inasmuch as the statute controls notwithstanding the charter provision, we do not attach

any particular significance to the provisions of the city charter. See 4 Dunnell, Dig. § 6740.

The statute imposes a requirement as a condition precedent to bringing suit against a municipality by an injured party claiming damages for tortious injury that he first present a notice of claim in writing to the governing body of the city. Szroka v. N. W. Bell Tel. Co. 171 Minn. 57, 213 N. W. 557, 59 A. L. R. 404. A statement in the notice of claim of the amount of compensation demanded is a mandatory requirement of the statute and therefore an essential part of such notice. A notice of claim which fails to state the amount of compensation demanded is insufficient for the plain reason that the omission constitutes failure to comply with a mandatory statutory provision as to an essential matter. Doyle v. City of Duluth, 74 Minn. 157, 76 N. W. 1029; Bausher v. City of St. Paul, 72 Minn. 539, 75 N. W. 745.

Plaintiff urges that adherence to the provisions of the statute results in hardship and injustice. It is not for the courts to pass upon the merits, wisdom, or justice of legislation. So long as the legislature does not transgress constitutional limits, matters concerning the hardship and injustice of legislation are for legislative and not judicial consideration. State ex rel. Timo v. Juvenile Court, 188 Minn. 125, 246 N. W. 544. There can be no doubt that the legislature acted within its constitutional powers in enacting the statute here involved.

The notice of claim was insufficient for failure to state the amount of compensation demanded.

■ The complaint alleges that defendant is estopped to assert that the notice of claim is not sufficient because defendant had actual knowledge of all the facts through its officers; that it investigated the facts fully; that plaintiff was interrogated by a representative of defendant to ascertain the extent of her injuries in the course of which he took from her a written statement of the facts of the case; and that it made no objection to the sufficiency of the notice of claim prior to the interposition of the demurrer.

No claim is made, however, that plaintiff was in any way misled by the city's conduct.

Failure to give the statutory notice of claim is not excused by the city's actual knowledge of the facts where, as here, the presentation of the notice is a condition precedent to liability on the part of the city. Reid v. Kansas City, 195 Mo. App. 457, 192 S. W. 1047; Pender v. City of Salisbury, 160 N. C. 363, 76 S. E. 228; Touhey v. City of Decatur, 175 Ind. 98, 93 N. E. 540, 32 L.R.A.(N.S.) 350. In the Reid case, the city had actual notice from a report by police officers. That case is indistinguishable from the one at bar. In the Pender case, the mayor was among the first persons to arrive at the scene after the injury to plaintiff's intestate and acquired firsthand knowledge of the facts and circumstances concerning the city's alleged negligence. In the Touhey case, the city had actual notice from published accounts in newspapers.

The fact that defendant had caused plaintiff to be interrogated and to furnish a written statement setting forth her version of the facts of the case did not operate to dispense with presentation of a proper notice of claim. Weisman v. City of New York, 219 N. Y. 178, 114 N. E. 70, Ann. Cas. 1918E, 1023.

Mere acceptance of plaintiff's notice of claim by defendant without objection did not create an estoppel to object to its sufficiency. Mack Paving Co. v. City of New York, 142 App. Div. 702, 127 N. Y. S. 738.

Of course, a notice of claim against a city is to be liberally construed in favor of the complainant so that he shall not be barred from maintaining his action because his notice was informal or not technically accurate if the city was not misled thereby. If that were all there were to the case, we would feel bound to sustain the sufficiency of the notice. But, while the notice of claim is to be liberally construed, essential requirements of the statute must be complied with, and a notice which omits an essential requirement of the statute cannot be sustained. Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L. R. A. 1915D, 1111,

Ann. Cas. 1916E, 897. Consequently we cannot uphold the notice upon the ground of either estoppel or waiver.

Affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.