# GUSTAV E. JOHNSON v. CITY OF CHISHOLM.[1]

June 21, 1946.

No. 34,175.

[1]Reported in 24 N. W. (2d) 232.

180

*Frank M. Talus,* for appellant.
*Charles T. Wangensteen,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Suit for personal injuries sustained by plaintiff as a result of a fall on a public sidewalk in the city of Chisholm on March 5, 1944. The action was commenced on March 5, 1945. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer, but certified that the question presented by the demurrer was important and doubtful. This appeal is from the order overruling the demurrer.

The allegations of the complaint disclosed that no notice of claim for damages had been served upon defendant within the 30-day period required by Minn. St. 1941, § 465.09 (Mason St. 1927, § 1831). Plaintiff's failure in this respect formed the basis of defendant's demurrer. Said section provides:

"Every person who claims damages from any city, village, or borough for or on account of any loss or injury sustained by reason of any defect in any bridge, street, sidewalk, road, park, ferry-boat, public works, or any grounds or places, or by reason of the negli-

gence of any of its officers, agents, servants, or employees, shall cause to be presented to the common council or other governing body, within 30 days after the alleged loss or injury, a written notice, stating the time, place, and circumstances thereof, and the amount of compensation or other relief demanded. No action therefor shall be maintained unless such notice has been given; or if commenced within ten days thereafter, or more than one year after the occurrence of the loss or injury."

Plaintiff contends, however, that the complaint contains allegations sufficient, if proved, to estop defendant from setting up plaintiff's failure to serve such notice as a defense, and to establish that, by its conduct, defendant had waived its right to insist upon such notice. The allegations in the complaint relied upon to support this contention are as follows:

"That from and after the time of said fall, the plaintiff was confined to the Hibbing General Hospital for hospital care and treatment for a long time, and during said time the plaintiff sent friends to interview and see the city officials of the City of Chisholm and the city attorney in order to be advised what, if anything, he should do in order to protect his interests and particularly his claim for damages; *that the defendant city by and through its officials and the city attorney represented to the plaintiff that his case would be taken care of, and that as soon as plaintiff was able to leave the Hibbing General Hospital, the city ambulance would take him to the Buhl Hospital, and that it would not be necessary for the plaintiff to do anything further to protect his claim, and this plaintiff, relying upon said representations which defendant's agents knew would be communicated to the plaintiff, and upon which plaintiff did rely, by reason thereof neglected to furnish or to serve upon the defendant city the 30-day written notice; that by reason thereof the defendant, City of Chisholm, is estopped to assert the failure of this plaintiff to furnish said notice, and the failure to furnish said notice was excused and waived by defendant by reason of said circumstances."* (Italics supplied.)

Defendant asserts that the officials of the city are without power to waive the statutory provision referred to, and that, in any event, the complaint is defective in failing to allege that the acts relied upon to establish estoppel were acts performed by authorized city officials acting in their representative capacity on behalf of defendant. There is no allegation that plaintiff was prevented from giving the notice because of physical or mental incapacity resulting from his injuries, and that issue is not before us. 38 Am. Jur., Municipal Corporations, § 703.

■ We have consistently held that before a party may bring action against a municipality for injuries alleged to have occurred as a result of its negligence he must first strictly comply with the foregoing statute requiring presentation within 30 days from the date of such injuries of written notice to the city council or other governing body of such municipality. See, Olson v. City of Virginia, 211 Minn. 64, 300 N. W. 42, 136 A. L. R. 1365; Szroka v. N. W. Bell Tel. Co. 171 Minn. 57, 213 N. W. 557, 59 A. L. R. 404; Freeman v. City of Minneapolis, 219 Minn. 202, 17 N. W. (2d) 364; Wornecka v. City of St. Paul, 118 Minn. 207, 136 N. W. 561; Terryll v. City of Faribault, 84 Minn. 341, 87 N. W. 917; Olcott v. City of St. Paul, 91 Minn. 207, 97 N. W. 879.

■ The majority of courts hold that the governing body of a municipality, even when acting in its official capacity on behalf of such municipality, cannot waive the written notice required by statute or charter as a condition precedent to an action against the municipality for personal injuries alleged to have arisen as a result of its negligence in the maintenance of its sidewalks or highways. Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; Spencer v. City of Calipatria, 9 Cal. App. (2d) 267, 49 P. (2d) 320; Nicholaus v. City of Bridgeport, 117 Conn. 398, 167 A. 826; Rogers v. City and County of Honolulu, 32 Hawaii 722; Cross v. City of Chicago, 195 Ill. App. 86; City of Rushville v. Morrow, 54 Ind. App. 538, 101 N. E. 659; Starling v. Incorporated Town of Bedford, 94 Iowa 194, 62 N. W. 674; Rich v. City of Eastport, 110 Me. 537, 87 A. 374; Brown v. Town of Winthrop, 275 Mass. 43, 175

N. E. 50; Fellmeth v. City of Yonkers, 222 App. Div. 815, 226 N. Y. S. 158; Pender v. City of Salisbury, 160 N. C. 363, 76 S. E. 228; Batchelder v. White, 28 R. I. 465, 466, 68 A. 320. In the Starling case, the rule is expressed as follows (94 Iowa 196, 62 N. W. 674):

"* * * It is insisted in behalf of the appellant that the defendant waived the requirements of the statute that written notice should be served within the time provided by law, and that the law itself is merely directory. It appears to us that this contention cannot be allowed to prevail, because the law is, by its express terms, mandatory. *It absolutely prohibits the bringing of any suit after six months, unless the written notice is served within ninety days after the injury. There is no room for any other construction. The theory upon which the argument for appellant is based is that the city council waived the right to the service of a notice. It could not waive it.* The plaintiff omitted to observe a provision of the statute which absolutely required her to give written notice. It is true, as claimed by appellant, that insurance companies may waive proofs of loss, even though they be required by statute. So parties may waive exemptions, homestead rights, and the statute of limitations; but no plaintiff in a suit can disregard an absolute provision of a statute without the observance of which no action can be maintained." (Italics supplied.)

In a few jurisdictions courts have held that under certain circumstances the governing body of a municipality may waive the requirement or be estopped from asserting as a defense claimant's failure to give such a notice. See, Draper v. Village of Springwells, 235 Mich. 168, 209 N. W. 150; Johnson v. Kansas City (Mo. App.) 272 S. W. 703; Cawthorn v. City of Houston (Tex. Comm. App.) 231 S. W. 701. The facts relied upon in such cases, however, clearly distinguish them from the case at hand. In Johnson v. Kansas City, *supra*, the action was commenced within the 90-day period provided for the giving of notice, and in effect gave to the city written notice of all the required information. In holding that

this satisfied the requirement, the court there harmonized its decision with its prior ruling in Reid v. Kansas City, 195 Mo. App. 457, 192 S. W. 1047, wherein it had specifically held that a municipality could not waive the statutory requirements.

In Draper v. Village of Springwells, *supra*, the basis of the decision is set forth as follows (235 Mich. 171, 209 N. W. 151):

"* * * The authorities in this State * * * establish, we think, that the absolute denial of liability by defendant's council on the sole ground that plaintiff was guilty of contributory negligence made within the time when plaintiff could have filed a technically perfect claim amounts to a waiver of the filing of a technically perfect claim in all regards complying with the charter provisions."

There, the action relied upon to establish waiver or estoppel was taken by the city council at a formal meeting at which all its members were assembled and which the court held established a regular meeting, even though the city clerk failed to record the proceedings.

The Michigan court in prior decisions has held that acts similar to those alleged here are not sufficient to create estoppel or establish waiver. Thus, in Wilton v. City of Detroit, 138 Mich. 67, 100 N. W. 1020, it held that failure to give statutory notice to the head of its law department within three months from the date of injury as required by statute was not waived, although plaintiff's petition for compensation was presented to the council within one month from the date she was injured and referred by that body to the committee on claims, which granted a hearing on such petition after the expiration of the three-month period. In Blumrich v. Village of Highland Park, 131 Mich. 209, 91 N. W. 129, the court held that the oral presentation of plaintiff's claim to the council by her son and its reference by the council to the committee on village affairs did not constitute a waiver of the failure to give the required notice.

Cawthorn v. City of Houston (Tex. Comm. App.) 231 S. W. 701, *supra*, furnishes some support for plaintiff's contentions here. However, the acts there relied upon to create an estoppel actually

occurred within the 90-day period required for notice, and presumably were the result of a formal meeting of the mayor and the commissioners (the governing body), at which one of their number was designated to act for them as their agent and to bind them accordingly.

■ The rule appears to be well established, even in those jurisdictions which hold that under proper circumstances the governing body of a municipality may waive the statutory notice, that the actions relied upon to establish such waiver or estoppel must be the formal action of its governing body acting in its representative capacity at a regular meeting, as distinguished from the isolated and unauthorized acts or conduct of its individual officials or representatives. See cases cited *supra*, and Hoyle v. Town of Putnam, 46 Conn. 56; Veazie v. City of Rockland, 68 Me. 511; White v. Mayor, etc. of Nashville, 134 Tenn. 688, 185 S. W. 721, Ann. Cas. 1917D, 960; Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N. E. 1101, 123 A. S. R. 540, 13 Ann. Cas. 486; Fellmeth v. City of Yonkers, 222 App. Div. 815, 226 N. Y. S. 158; Holtham v. City of Detroit, 136 Mich. 17, 98 N. W. 754; Lansden v. City of Jackson, 142 Tenn. 650, 222 S. W. 2; Gregg v. Town of Weathersfield, 55 Vt. 385; Cole v. City of Seattle, 64 Wash. 1, 116 P. 257, 34 L.R.A.(N.S.) 1166, Ann. Cas. 1913A, 344.

■ Likewise, it has frequently been held that actual knowledge by the governing body of a municipality of all facts required to be set forth in the notice does not supply the omission to file such notice or excuse the failure of the claimant to meet such statutory or charter requirement with respect thereto. City of Rushville v. Morrow, 54 Ind. App. 538, 101 N. E. 659; Touhey v. City of Decatur, 175 Ind. 98, 93 N. E. 540, 32 L.R.A.(N.S.) 350; Cole v. City of St. Joseph (Mo.) 50 S. W. (2d) 623, 82 A. L. R. 742; Lyons v. City of St. Joseph, 112 Mo. App. 681, 87 S. W. 588; Reid v. Kansas City, 195 Mo. App. 457, 192 S. W. 1047, *supra;* Sowle v. City of Tomah, 81 Wis. 349, 51 N. W. 571; Olson v. City of Virginia, 211 Minn. 64, 300 N. W. 42, 136 A. L. R. 1365, *supra.* In the Olson case, while this court did not commit itself on the question as to whether a

municipality could waive the provisions of the statute, our language there clearly indicates that facts such as those alleged here would not constitute a sufficient basis to establish either estoppel or waiver, even if within the power of the governing body of a municipality to waive the statutory requirement.

It has also been held that, where the acts relied upon to establish waiver or estoppel take place after the statutory time for filing notice has expired, any action or conduct of the municipal officials cannot revive the action barred by the failure to file the required notice. See, Holtham v. City of Detroit and Cole v. City of Seattle, *supra;* Miller v. Village of Birmingham, 145 Mich. 470, 108 N. W. 1015.

■ Under the authorities cited, the order of the trial court must be reversed. The complaint clearly indicates that the acts or conduct relied upon to establish waiver or estoppel were not the acts of the governing body acting as such in its representative capacity, but rather the isolated and unauthorized acts of its city attorney or individual officials, and, as such, not binding upon defendant.

Reversed.

