RALPH L. HIRTH v. VILLAGE OF LONG PRAIRIE
AND ANOTHER.

143 N. W. (2d) 205.

April 29, 1966—No. 39,796.

*Charles G. Satterlee, Ryan, Ryan & Ebert,* and *Donald I. Ryan,* for appellant.

*Meagher, Geer, Markham & Anderson, Roderick D. Blanchard,* and *O. C. Adamson II,* for respondent village.

ROGOSHESKE, JUSTICE.

Appeal from a summary judgment in favor of defendant Village of Long Prairie. The single question before us is whether, assuming fraudulent concealment of plaintiff's claim by village employees, a municipality should be estopped from asserting the defense of failure to file notice of claim required by Minn. St. 1961, § 465.09.

Plaintiff alleges in his complaint, which we must assume to be true, that on June 8, 1960, while suffering from diabetes and vascular problems of the legs, he was admitted for treatment to Long Prairie Memorial Hospital — owned, operated, and controlled by defendant Village of Long Prairie — and that the employees of defendant were guilty of mal-

practice in administering to him treatment other than prescribed by his doctor, resulting in partial amputation of his legs. It is conceded that no action was commenced within 2 years following the date of the alleged negligent conduct, as required by Minn. St. 541.07, and that no attempt has ever been made to comply with § 465.09, requiring that notice of claim be filed with defendant.

To justify his failure to take timely action, plaintiff contends that, though he exercised due diligence, he did not know and had no means of discovering the true cause of his condition; that he was deprived of such knowledge by the intentional and willful concealment of the truth by the employees of defendant and by the fraudulent representation to him by the employees that the sole cause of his condition was gangrene and the disease of diabetes; and that he relied upon a relation of trust between himself and defendant and believed that he had been given the true facts. Plaintiff further alleges that at all times the defendant's employees knew that their negligence caused his condition but intentionally concealed the truth and made fraudulent representations with the design of inducing him to rely thereon and thereby fail to commence an action or file a notice of claim.

We agree with the trial court that Johnson v. City of Chisholm, 222 Minn. 179, 24 N. W. (2d) 232, 31 Minn. L. Rev. 751, justifies summary judgment for defendant village upon the ground that fraudulent concealment by the municipal employees will not estop the municipality from asserting the defense of failure to file notice of claim. We need not consider, therefore, the question whether there was sufficient fraud by the village employees to toll the 2-year statute of limitations.

Plaintiff urges us to overrule or distinguish Johnson v. City of Chisholm, *supra,* which holds among other things that a formal act of the governing board of the municipality is required in order to create an estoppel or waiver of a failure to file a notice of claim. He argues that, because municipalities are generally treated as private corporations when, as here, they act in a proprietary capacity, the same laws applicable to private corporations, which do not require a formal act of a board of directors to create an estoppel or waiver of a failure to file a notice of

claim, ought also to apply to municipalities, and that if the 2-year statute of limitations would be tolled (because of fraudulent concealment by employees), so also should the notice statute be tolled. Additionally, plaintiff claims that physical and mental incapacity prevented a timely filing of his notice.

Section 465.09 requires that in all claims against a municipality for loss or injury "sustained by * * * the negligence of any of its * * * employees" a notice of claim be presented "to the common council or other governing body within 30 days" following the injury. The statute also reads:

"* * * No action therefor shall be maintained unless such notice has been given; and unless the action is commenced within one year after such notice."

In Johnson v. City of Chisholm, *supra,* plaintiff inquired of the city officials and city attorney what, if anything, he should do to protect his claim for injury from a fall on a public sidewalk. He was told (222 Minn. 181, 24 N. W. [2d] 234)—

"* * * *by and through* [the city] *officials and the city attorney* * * * *that his case would be taken care of* * * * *and that it would not be necessary for* [him] *to do anything further to protect his claim* * * *."

Relying on the representations of the city, the plaintiff did not file a notice of claim. Consistent with all our prior decisions,[1] we held that strict compliance with § 465.09 is mandatory; that filing a notice of claim is a condition precedent to maintaining an action; and that there can be no waiver of or estoppel from asserting the defense of failure to file notice except by formal action of the governing board of the municipality.

A majority of courts hold that a governing body, even in its formal

---

[1] Freeman v. City of Minneapolis, 219 Minn. 202, 17 N. W. (2d) 364; Olson v. City of Virginia, 211 Minn. 64, 300 N. W. 42, 136 A. L. R. 1365; Szroka v. Northwestern Bell Tel. Co. 171 Minn. 57, 213 N. W. 557, 59 A. L. R. 404; Wornecka v. City of St. Paul, 118 Minn. 207, 136 N. W. 561; Terryll v. City of Faribault, 84 Minn. 341, 87 N. W. 917; Olcott v. City of St. Paul, 91 Minn. 207, 97 N. W. 879.

and official capacity, cannot waive the strict requirement of filing written notice or be estopped from asserting the defense of failure to serve notice.[2] According to the majority view, even though the same officials required to be notified by statute have all the information which a proper notice would give, failure actually to file a notice of claim will absolutely bar a claimant's action, regardless of hardship.

While recognizing a minority view permitting waiver and estoppel either by officials or representatives of the governing body,[3] we are not persuaded to depart from the majority further than adhering to the exception that formal action by the governing body can accomplish a waiver or estoppel. The principal purpose of the statutory requirement of notice is to protect against dissipation of public funds by requiring that the municipality be promptly furnished with information concerning a claim against it so that full opportunity is provided to investigate it, to settle those of merit without litigation, and to correct any deficiency in municipal functions revealed by the occurrence. By timely service of notice, the municipality is also afforded protection against stale or fraudulent claims or the connivance of corrupt employees or officials.

To find in the case before us that the municipality is estopped from asserting the defense of failure to notify would be to undermine the purposes of the statute and invade the legislative prerogative. Were we to adopt plaintiff's arguments, we would, in effect, be amending the statute contrary to legislative intent clearly revealed by the statute's legislative history. The legislature has had before it Johnson v. City of Chisholm, *supra,* and other cases where hardship was the result of strict enforcement of the statute. Yet, the only response was an amendment in 1959 granting to those who are physically or mentally incapacitated as a result of the injury for which they claim relief an extension of time "not in excess of 90 days"[4] to file notice. It is apparent, therefore, that the legislature is adamant in adhering to the strict requirements of the statute as applied in Johnson and similar cases, regardless of hardship. In Free-

---

[2] Annotation, 65 A. L. R. (2d) 1278.

[3] Ibid. See, also, Rand v. Andreatta, 60 Cal. (2d) 846, 36 Cal. Rptr. 846, 389 P. (2d) 382.

[4] L. 1959, c. 599.

man v. City of Minneapolis, 219 Minn. 202, 205, 17 N. W. (2d) 364, 365, we declared:

"* * * It is not for the courts to pass upon the merits, wisdom, or justice of legislation. So long as the legislature does not transgress constitutional limits, matters concerning the hardship and injustice of legislation are for legislative and not judicial consideration. [Citation omitted.] There can be no doubt that the legislature acted within its constitutional powers in enacting the statute here involved."

We cannot sustain plaintiff's argument that because the law includes no notice requirement in suits against private corporations, justice and fairness demand the same law apply in suits involving a municipality acting in a proprietary capacity. Case law has overwhelmingly rejected that argument, which is based upon claims of an "unwarranted discrimination between municipal and private corporations."[5] In Frasch v. City of New Ulm, 130 Minn. 41, 43, 153 N. W. 121, 122, L. R. A. 1915E, 749, where we were faced squarely with the question whether a distinction claimed unwarranted was constitutional, we held:

"* * * [T]he legislature is not, because of similarity of liability, precluded from making distinctions between municipalities and private corporations in respect to conditions precedent to suit."

Finally, plaintiff contends that he was incapacitated either as a result of his injury or because the municipality's fraudulent concealment of the cause of his loss was tantamount to such incapacity. We cannot agree. Plaintiff has never filed a notice of claim. Assuming that he was in fact incapacitated, he would still be barred because of the provision of the statute granting an extension of time for filing the notice of "*not in excess* of 90 days during which the person injured is incapacitated."[6]

---

[5] 17 McQuillin, Municipal Corporations (3 ed.) § 48.02. See, also, 18 McQuillin, Municipal Corporations (3 ed.) § 53.152.

[6] See L. 1963, c. 798, repealing Minn. St. 1961, § 465.09, and reenacting this section as Minn. St. 466.05, subd. 1 of which reads as follows: "* * * The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is incapacitated by the injury from giving the notice."

(Italics supplied.) Even disregarding this provision, it appears that plaintiff has not complied with decisional law requiring that—

"* * * [i]f filing is prevented because of incapacity, the claim must be filed within a reasonable time after the removal of the incapacity."[7]

At no time, even after discovery of the alleged fraud, has plaintiff made a colorable attempt to comply with the statutes.[8]

Though plaintiff's action is barred by the statute, he is not without a possible remedy—however difficult it may be to obtain relief. Johnson v. City of Chisholm, *supra,* is authority for the official governing body, by formal action, to expressly waive the requirements of notice. If every allegation of the complaint be true, it is not inconceivable that the village council may waive the required notice upon the basis of extreme hardship.

Affirmed.

----

[7] 18 McQuillin, Municipal Corporations (3 ed.) § 53.158, and cases there cited. See, also, 17 McQuillin, Municipal Corporations (3 ed.) § 48.06, and cases there cited, and 38 Am. Jur., Municipal Corporations, § 703, and cases there cited.

[8] See Derlicka v. Leo, 259 App. Div. 607, 19 N. Y. S. (2d) 949, where claimant entered a municipal hospital for an appendectomy and, upon closing the incision, the physicians negligently left a gauze pad in her abdomen. Claimant was unaware of the presence of the pad until the statutory time within which a notice of claim must be filed had expired. Despite claimant's ignorance of her cause of action, dismissal of the complaint was upheld. "The fact that the plaintiff was ignorant of her rights, and was deceived with respect thereto, does not aid her. Ignorance of the law excuses no one. Her physical condition did not afford a reason for non-compliance * * *." 259 App. Div. 610, 19 N. Y. S. (2d) 952.