MARY DERLICKA and JOSEPH DERLICKA, Appellants, v. SAMUEL LEO, Respondent, Impleaded with DANIEL MARTOCCIO and FREDERICK A. WURZBACH, JR., Defendants.

First Department, February 3, 1939.

*William Logan, Jr.*, of counsel [*Helen F. Tuohy* with him on the brief; *Hunt, Hill & Betts*, attorneys], for the appellants.

*Thomas H. Clearwater* of counsel [*Lorenz J. Brosnan*, attorney], for the respondent.

O'MALLEY, J.   The question presented is whether the enactment of chapter 483 of the Laws of 1937 (Gen. Mun. Law, § 50-d) abro-

gated or limited the common-law right of a patient to sue a physician for malpractice to the extent that in an action where the municipality is not joined, the plaintiff, nevertheless, must allege and prove compliance with section 394a–1.0, subdivisions a and c, of the City of New York Administrative Code. We are here concerned with the first and third causes of action as against the defendant-respondent Leo and the defendant Martoccio, not a party to this appeal.

The first cause of action is brought by the plaintiff wife for malpractice, she alleging that the defendant Leo, assisted by the defendant Martoccio, performed an appendectomy on her at Fordham Hospital on July 6, 1937. The gravamen of this cause of action is that after the operation they sewed up the incision, leaving a gauze pad within her abdominal cavity, and negligently discharged her from the hospital on July 16, 1937, when the incision had not yet closed or healed and while the pad still there remained. The third cause of action is the usual companion suit by the husband for loss of service.

Section 50-d of the General Municipal Law reads as follows:

" § 50-d. Municipal liability for malpractice of certain physicians and dentists in public institutions. Every municipal corporation, notwithstanding any inconsistent provision of law, general, special or local, shall be liable for, and shall assume the liability, *to the extent that it shall save him harmless,* of any physician or dentist rendering medical services or dental services of any kind gratuitously to a person in a public institution maintained in whole or in part by the municipal corporation, for damages for personal injuries alleged to have been sustained by such person by reason of the malpractice of such physician or dentist while engaged in the rendition of such services. Every such physician or dentist, for the purpose of this section, shall be deemed an employee of the municipal corporation, so maintaining such institution, notwithstanding that the municipal corporation derived no special benefit in its corporate capacity.

" No action shall be maintained *under this section* against such municipal corporation, physician *or* dentist unless the applicable provisions of law pertaining to the commencement of action and the filing of notice of intention to commence action against such municipal corporation shall be strictly complied with." (Italics ours.)

Concededly, the applicable provisions of law pertaining to the commencement of an action and the filing of notice of intention to commence the action against the city are found in section 394a–1.0, subdivisions a and c, of the New York City Administrative Code, which read:

" a. In every action or special proceeding, for any cause whatever, prosecuted or maintained against the city, the complaint or necessary moving papers shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims, upon which such action or special proceeding is founded, were presented to the comptroller for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment. * * *

" c. An action against the city * * * for damages for personal injuries, resulting from the negligence of the city * * * or of any agency of the city * * * shall be commenced within one year after the cause of action therefor shall have accrued, provided that a notice of intention to commence such action and of the time when and place where the injuries were received shall have been served in like manner as the service of a summons in the Supreme Court, within six months after such cause of action shall have accrued, * * *: 2 * * * upon the corporation counsel and the comptroller."

The present action was commenced as to the defendant-respondent Leo on February 16, 1938. Concededly, at common law the action was timely commenced, having been brought within the two-year Statute of Limitations (Civ. Prac. Act, § 50). (*Isenstein* v. *Malcomson*, 227 App. Div. 66; *Conklin* v. *Draper*, 229 id. 227; affd., 254 N. Y. 620.)

On the other hand, if the provisions of the Administrative Code above set forth are applicable, the action was not timely brought and there was a failure to allege compliance with the conditions precedent. It is to be particularly noted that New York city is not made a party defendant and that the action proceeds upon a common-law theory against the physicians only who under such theory alone would be responsible, though their services were rendered gratuitously and the hospital was a public institution. (*DuBois* v. *Decker*, 130 N. Y. 325; *Hamburger* v. *Cornell University*, 240 id. 328.)

Section 50-d of the General Municipal Law should be strictly construed if sought to be interpreted in derogation of the common law, and any change therein should be clearly indicated by express terms or necessary implication. (*Tompkins* v. *Hunter*, 149 N. Y. 117, 123; *Transit Comm.* v. *Long Island R. R. Co.*, 253 id. 345, 355; *Psota* v. *Long Island R. R. Co.*, 246 id. 388, 393; *Woollcott* v. *Shubert*, 217 id. 212, 220.)

Here there is no clear indication, expressly or by implication, that the new statute was to abrogate or limit the common-law cause of action theretofore existing. It provides merely that the

municipality under the circumstances set forth shall assume the liability of the physician " to the extent that it shall save him harmless." It does not provide that this shall be the sole and exclusive cause of action or remedy, but grants an additional one to the party injured.

While it is true that it is provided in the last paragraph of the statute above quoted that no action shall be maintained against the municipal corporation, a physician *or* dentist, unless the provisions of the Administrative Code are complied with, such provision is limited by the statement that no action shall be maintained " under this section." The municipality not having been here made a party, the plaintiffs, relying on their common-law causes of action, were not obliged to plead or otherwise show compliance with the provisions of the Administrative Code in question. (*Gmaehle* v. *Rosenberg*, 178 N. Y. 147.) The disjunctive provision noted applies only to an action predicated upon the statute and not to one, as here, upon the old common-law remedy.

Whatever may be the rights of the defendant Leo to implead the city or thereafter to seek reimbursement from it if mulcted in this action, we do not pass upon such question. Suffice it to say that, in our opinion, the plaintiffs in the first and third causes of action have sufficiently pleaded causes good at common law and that they were not required to comply with the provisions of the Administrative Code referred to.

It follows, therefore, that the order, in so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint denied, with leave to the defendant-respondent to answer within twenty days after service of order, with notice of entry thereof, upon payment of said costs.

MARTIN, P. J., COHN and CALLAHAN, JJ., concur; TOWNLEY, J., dissents and votes to affirm.

Order, so far as appealed from, reversed, with twenty dollars costs and disbursements, and the motion denied, with leave to the defendant-respondent to answer within twenty days after service of a copy of the order, with notice of entry thereof, upon payment of said costs.