MARY DERLICKA and JOSEPH DERLICKA, Respondents, v. SAMUEL LEO, Appellant, Impleaded with DANIEL MARTOCCIO and FREDERICK A. WURZBACH, JR., Defendants.

First Department, May 17, 1940.

*Thomas H. Clearwater* of counsel [*Lorenz J. Brosnan,* attorney], for the appellant.

*William Logan, Jr.,* of counsel [*Hunt, Hill & Betts,* attorneys], for the respondents.

O'MALLEY, J. The question presented is whether this action was commenced within the time limited by law as to defendant-appellant Leo.

The complaint charges malpractice upon the plaintiff wife by the appellant and others. The original complaint was predicated upon the theory of common-law liability. Its sufficiency was attacked upon the ground that the provisions of section 50-d of the General Municipal Law were applicable; that this statute had abrogated or limited the common-law right of a patient to sue a physician for malpractice to the extent that where the municipality (city of New York) was not joined the complaint must allege compliance with section 394a–1.0 of the New York City Administrative Code respecting the commencement of an action against the city.

This provision of the General Municipal Law imposes upon the city liability of a physician who renders service gratuitously to a person in a public institution maintained by the city of New York for damages for personal injuries sustained by such person by reason of the malpractice of the physician engaged in the rendition of the service.

It further provides that no action shall be maintained against the city or physician unless applicable provisions of law pertaining to the commencement of action and the filing of notice of intention to commence action against the city " shall be strictly complied with." Notice of intention to commence action against the city must be served within six months after the cause of action first accrued. (*Supra,* § 394a–1.0.)

On motion the original complaint was dismissed " without prejudice to the plaintiffs proceeding as prescribed in Section 50-d." Special Term held that the issue whether the statute required strict or substantial compliance with respect to the service of notice of intention should be reserved for the trial.

On appeal we reversed and denied the motion on the ground that plaintiffs' common-law right of action had not been abrogated and that, as the city of New York had not been made a party, the plaintiffs were not obliged to plead compliance with the provisions of the Administrative Code in question. (256 App. Div. 215.) On appeal the Court of Appeals held that, while the " liability which

existed at common law may still be enforced by action against the physician," the latter has the right to insist that in accordance with the statute he be saved harmless by the municipal corporation. (281 N. Y. 266.) In this connection it was further stated: " The effect of any action, whether brought against the municipality or against the physician or dentist, is determined by the provisions of the statute and, by the express terms of the statute, may be maintained only if ' the applicable provisions of law pertaining to the commencement of action and the filing of notice of intention to commence action against such municipal corporation shall be strictly complied with.' "

Accordingly, the court reversed our order and affirmed the order of Special Term.

In the amended complaint plaintiff wife alleges service of notice of intention to sue on April 26, 1938, which was more than two months after commencement of the action. It further alleges that service of such intention was not made within the statutory period because of alleged lack of knowledge and because of illness. In brief, these allegations attempted to show substantial, rather than strict, compliance with the statutory requirement.

Special Term sustained the complaint upon the ground that, while strict compliance was required so far as the city of New York was concerned, only substantial compliance was required with respect to individuals who seek the benefit of the statute.

Of the four causes of action contained in the complaint we are concerned only with the first, in which the plaintiff wife seeks damages against defendant Leo and defendant Martoccio (not a party to this appeal). The third is the usual companion action of plaintiff husband.

The first cause of action alleges that Leo, assisted by Martoccio, performed an appendectomy on the plaintiff wife at Fordham Hospital on July 6, 1937; that after the operation these defendants sewed up the incision leaving a gauze pad in plaintiff's abdominal cavity and negligently discharged her from the hospital on July 16, 1937, when the incision had not been closed or healed and while the pad still remained in the cavity. The pad was later and in January, 1938, recovered by defendant Martoccio.

The excusatory facts relied upon for failure to serve notice of intention within six months after July 6, 1937, or July 16, 1937, the date of plaintiff's discharge from the hospital, are to the effect that plaintiff wife was unaware of the presence of the gauze pad in her abdomen until it was discovered by the defendant Martoccio; that he told her she could not sue any one because she was a charity patient; that at the time she was ill and was operated on again by

another physician for a hernia on March 28, 1938, and confined in the hospital until April eleventh and to her bed at home until April eighteenth, and was under treatment by said physician until April twenty-second; that she served notice upon the city " as soon as she was able to do so."

As already noted, the notice was not served until April 26, 1938. In our view, this provision for strict compliance is for the protection not only of the municipality but also of the physician sued. Both the patient and the physician are benefited by the statute, the former because the municipality is made responsible for the physician, and the latter because he is relieved from liability for his negligence. The city being subjected to the new liability, it was the evident intention of the Legislature that, as determined by the Court of Appeals, the statute required a patient who brings a suit for malpractice to allege and prove the preliminary conditions required of a party litigant against the municipality. The Court of Appeals, as above pointed out, said that this compliance with these preliminary conditions must be strictly complied with in a suit either against the municipality *or* the physician.

But assuming without conceding that substantial compliance would be sufficient, plaintiff has failed to show the right to a trial on such issue. Allowing for her alleged subsequent illness, her last treatment by a physician was on April 22, 1938.

The fact that the plaintiff did not discover the malpractice for some time does not aid her. Such right of action arises when the negligence accrues, although unknown to the patient. (*Conklin* v. *Draper*, 229 App. Div. 227; affd., 254 N. Y. 620.) The fact that the plaintiff was ignorant of her rights, and was deceived with respect thereto, does not aid her. Ignorance of the law excuses no one. Her physical condition did not afford a reason for non-compliance, for it is not shown that she was rendered physically or mentally incapable of retaining an attorney or having someone else give proper notice to the city. No case is cited justifying a finding of substantial compliance where there was not mental or physical incapacity or practical impossibility shown. Here, certainly, on plaintiff's own proof, she had possession of her faculties after her discharge from Fordham Hospital and was not physically disabled at any time so as prevent her from complying with the statutory requirements, either personally or by attorney.

It follows, therefore, that the order, so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and motion granted.