■ JOHN BORGIA, an Infant, by NICHOLAS BORGIA, His Guardian ad Litem, et al., Respondents, v. CITY OF NEW YORK, Appellant, et al., Defendant.— In an action to recover damages for personal injuries sustained by the infant plaintiff as the result of malpractice in a hospital of the defendant City of New York, and by his father to recover damages for medical expenses and loss of services, the defendant city appeals from so much of a judgment of the Supreme Court, Kings County, rendered July 20, 1961 upon a jury's verdict after trial, as is in favor of the plaintiffs and against it. The jury's verdict was for $150,000 in favor of the infant plaintiff and $45,000 in favor of the plaintiff father. The trial court set aside the verdict in the father's favor unless he stipulated to reduce it to $17,500; he so stipulated and judgment was entered accordingly. As against the defendant Kings County Hospital, the complaint was dismissed by the court at the end of plaintiffs' case (see 216 N. Y. S. 2d 897). Judgment, insofar as appealed from, reversed on the law, without costs, and complaint dismissed against defendant City of New York. The findings of fact implicit in the jury's verdict (as reduced by the trial court and by the stipulation) are affirmed. Concededly, the last act of malpractice occurred on November 25, 1957, although the infant was not discharged from the hospital until February 14, 1958. The notice of claim required by section 50-e of the General Municipal Law was served on April 18, 1958, which was within 90 days of the date of discharge but more than 90 days from the date of the last negligent act. In our opinion the claim arose when the injury was sustained (cf. *Joseph* v. *McVeigh*, 285 App. Div. 386, 391). The injury was sustained, at the latest, on the date of the last act of malpractice, and not on the date upon which treatment ceased (cf. *Gross* v. *Wise*, 16 A D 2d 682). Since the notice of claim was not filed within the 90-day period specified by section 50-e, the complaint must be dismissed, even if it be assumed that plaintiffs had no knowledge of defendant's negligence until after the expiration of the statutory period (cf. *Conklin* v. *Draper*, 229 App. Div. 227, 229–230, affd. 254 N. Y. 620; *Golia* v. *Health Ins. Plan of Greater N. Y.*, 6 A D 2d 884, affd. 7 N Y 2d 931; *Derlicka* v. *Leo*, 259 App. Div. 607, affd. 284 N. Y. 711). Ughetta, Brennan and Hill, JJ., concur; Beldock, P. J., and Kleinfeld, J., dissent and vote to affirm, with the following memorandum: We agree with the majority that the notice of claim served April 18, 1958 was late because it was served more than 90 days after November 25, 1957. However, in our opinion, the city not only waived the late notice, but is estopped from making such a claim, because: (a) the city failed to return the notice; (b) the city prejudiced the plaintiffs by failing to give them the opportunity *before the expiration of the year* to move to file a late notice, as permitted by the statute; and (c) the city proceeded to hold both an oral examination of the father and a physical examination of the infant in connection with the claim (*Teresta* v. *City of New York*, 304 N. Y. 440). By its acts the city took full advantage of all the procedural benefits — benefits to which it is entitled only on receipt of a proper notice of claim; it proceeded as if the notice in all respects were valid and timely served. Under these circumstances, the city should not now be allowed to complain of the invalidity or late service of the notice.