GARY SCHULTZ, BY HIS FATHER AND NATURAL
GUARDIAN, JOHN SCHULTZ, AND ANOTHER v. JONATHAN
RUIZ AND OTHERS.
JOHN J. McDONOUGH HOMES, APPELLANT.

161 N. W. (2d) 537.

August 30, 1968—No. 40,910.

*Tyrrell, Jardine, Logan & O'Brien* and *Michael J. Healey,* for appellant.

*Stanley J. Mosio,* for plaintiff respondents.

ROGOSHESKE, JUSTICE.

The sole question on this appeal is whether the 30-day notice-of-claim requirement and 1-year limitation provision of Minn. St. 1961, § 465.09, apply to bar plaintiffs' action for damages resulting from personal injuries sustained by the minor plaintiff, Gary Schultz, when he was assaulted after attending a dance conducted on premises owned and

controlled by the Housing and Redevelopment Authority of the City of St. Paul and known as John J. McDonough Homes.

It is undisputed for the purposes of this appeal that the action, based upon a claim of negligence, is against the Authority and that plaintiffs neither presented a notice of claim within 30 days after the alleged injury nor commenced the action within 1 year thereafter. The trial court held that the statute does not apply to the Authority and denied its motion for summary judgment, but certified the questions involved as important and doubtful. The Authority appeals.

Section 465.09 provides in relevant part:

"Every person who claims damage from any city * * * for or on account of any loss or injury sustained by reason of * * * the negligence of any of its officers, agents, servants or employees, shall cause to be presented to the common council or other governing body within 30 days after the alleged loss or injury, a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. * * * No action therefor shall be maintained * * * unless the action is commenced within one year after such notice." [1]

Under our previous construction and application of this statute, departments and agencies of a city government have been entitled to timely notice as a condition precedent to suit. Hirth v. Village of Long Prairie, 274 Minn. 76, 143 N.W. (2d) 205; Mitchell v. City of St. Paul, 228 Minn. 64, 36 N.W. (2d) 132.

The test for determining the applicability of these requirements to the various agencies of government is set forth in Mitchell and speaks in

---

[1] Section 465.09 was repealed by the 1963 Tort Liability Act, L. 1963, c. 798, effective January 1, 1964. Claims against municipalities arising thereafter are governed by Minn. St. 466.05 of the act, which is in substance a reenactment of the prior statute and requires the same conditions precedent to a suit against a municipality. Section 466.01, subd. 1, of the act defines "municipality" as "any city, whether organized under home rule charter or otherwise, any village, borough, county, town, public authority, public corporation, special district, school district, however organized, or other political subdivision." Since plaintiffs' action arose in 1962, these provisions, as the parties concede, are not applicable.

terms of "identity" between the department or agency and the city (228 Minn. 71, 36 N.W. [2d] 136):

"* * * We think that there is such identity between the city and the board that, except as otherwise provided, a statute applicable to the city applies to the board. Because of the relationship of the board to the city, there is such identity between them that the board's powers and functions are exercised in subordination to those of, and are governed by law applicable to, the city."

Basing its reasoning on the Mitchell case, the Authority argues that, for the purposes of § 465.09, it must be considered to be an agency of the city of St. Paul and therefore entitled to the benefit of the conditions precedent to suit afforded by the statute. In support of that argument, it points to the statutory scheme creating the Authority, which it claims reveals such identity between it and the city that the Authority's powers and functions must be exercised in subordination to the governing body of the city. Summarizing the provisions of the Municipal Housing and Redevelopment Act,[2] it emphasizes that the Authority, although created by statute, cannot exercise any powers until the governing body finds a need therefor, adopts and files a resolution authorizing the Authority to transact business, thereafter appoints commissioners to administer it, and approves any redevelopment plans submitted. Further, the Authority must report annually to the city's governing body, which additionally has power to remove commissioners, to provide or refuse to provide local financing through property tax levies, and under certain circumstances to dissolve the Authority.

While the rationale of the Mitchell case together with the underlying purpose of the statute "to protect against dissipation of public funds"[3] might justify the conclusion that the Authority is a subordinate agency of the city and thus entitled to notice, we are confronted with the import of Minn. St. 462.455 of the Municipal Housing and Redevelopment Act creating this Authority, which expressly declares:

---

[2] Minn. St. 462.411, et seq.

[3] Hirth v. Village of Long Prairie, 274 Minn. 76, 79, 143 N. W. (2d) 205, 207.

"An authority shall be liable in contract or in tort in the same manner as a private corporation."

The Authority seeks to restrict the meaning of this provision by arguing that it is intended to establish only that the substantive liability of the Authority be the same as that of any private corporation and does not preclude the application of the general notice statute governing conditions precedent to suit against a municipal agency. In support of this argument, the Authority relies on Frasch v. City of New Ulm, 130 Minn. 41, 153 N.W. 121, L.R.A. 1915E, 749. The significant holding in that case, however, is that the legislature in requiring a condition precedent to suit did not unconstitutionally discriminate in favor of municipalities owning public utilities as against private parties carrying on similar enterprises. As in the Mitchell case the suit was against the city for alleged negligence of employees of one of its departments, and the court was not confronted with a conflict between the notice statute and a provision such as § 462.455 declaring the liability of a public agency created by statute.

That there is a direct conflict between these two statutory provisions cannot be denied. Requiring a claimant to give notice of a claim before he may sue does not render the Authority liable in tort "in the same manner as a private corporation." Broadly interpreted, the phrase "in the same manner" refers not only to the creation of rights and the extent of liability but also to the procedure for the assertion of those rights. Cassidy v. Constantine, 269 Mass. 56, 168 N.E. 169, 66 A.L.R. 1186. Thus, given such an interpretation, at the very least it must refer to the procedural aspects of liability, of which the notice requirement is surely an example. Terry v. Ferreria (Fla.) 51 So. (2d) 426; La Monica v. Krauss, 191 Misc. 589, 76 N.Y.S. (2d) 520; Buman v. Sturn, 73 N.D. 561, 16 N.W. (2d) 837. We believe that a proper interpretation of the phrase "in the same manner" was intended to encompass both the procedural and the substantive law applicable to tort actions.

The general notice statute and its predecessor have been in effect in similar form since 1897. The conflicting statute declaring the policy with respect to the tort liability of the Authority was enacted in 1947 as a part of the Municipal Housing and Redevelopment Act. The ques-

tion, therefore, is which of these conflicting statutes shall govern. The rules of statutory construction provide that where there is irreconcilable conflict between statutes, one general and the other special or particular in scope, the particular controls over the general "unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail." Minn. St. 645.26, subd. 1; Judd v. Landin, 211 Minn. 465, 1 N.W. (2d) 861; Rosenquist v. O'Neil & Preston, 187 Minn. 375, 245 N.W. 621. We therefore hold that the particular statute declaring that the Authority shall be liable in tort in the same manner as a private corporation controls and that the general notice statute does not apply.

The quasi-private nature of the Authority also supports the conclusion that the legislature as a matter of policy intended that with respect to tort liability an authority shall be treated in every way as though it were a private corporation. We have in the past held that it is pertinent to consider the private characteristics of a governmental instrumentality in determining whether it is intended to be immune from liability for torts. In Zins v. Justus, 211 Minn. 1, 10, 299 N.W. 685, 690, we reasoned as follows:

"The Federal Housing Administration, although a government instrumentality engaged in the performance of important governmental functions, has many of the characteristics of private business corporations. It is authorized to enter the field of insurance, a purely private enterprise. It may, and does, compete with private loan agencies. In the establishment of National Mortgage Associations it is permitted to borrow from the public and loan the money so borrowed back to the public. These activities are all of a commercial or semicommercial nature and are in direct competition with private corporations engaged in like enterprises. We believe that congress, when it created the Federal Housing Administration and launched it in the commercial field, did not intend to immunize it, its administrator, and the latter's agents and employes from suit for torts. If it had such intention, it could and no doubt would have done so by direct provision." [4]

---

[4] See, also, Knowles v. Housing Authority of Columbus, 212 Ga. 729,

This reasoning appears equally relevant to the question of the applicability of the notice statute. Not unlike the Federal Housing Administration, the Authority in the management and development of property acquired by it for both public and private use is empowered to engage in activities of a commercial or semicommercial nature which may and often do compete with private enterprise. As a creature of the state it is a corporate entity distinct from the city and is granted "all the powers necessary or convenient to carry out the purposes" of its creation. Minn. St. 462.445, subd. 1. Included specifically (§ 462.445) is the power of eminent domain, to sue and be sued, to have perpetual succession, to make rules and regulations, to borrow money, issue bonds, notes, or other evidences of indebtedness, to mortgage its property, to invest funds, and to make expenditures "as may be necessary to carry out the purposes of sections 462.415 to 462.711." Subd. 4(16). Such a corporate agency of government may justifiably be made subject to the same liability for torts as a private corporation and should not be afforded the protection of the notice statute at the expense of an injured claimant absent a clear legislative mandate.

In holding as we do that, by reason both of the rules of statutory construction and of legislative policy, Minn. St. 1961, § 465.09, is not applicable to the Authority, we do not rule on or intend to indicate any predilection as to the applicability of Minn. St. 466.05 of the Tort Liability Act, since that question, as expressly acknowledged by the parties, is neither raised nor presented.

Affirmed.

95 S. E. (2d) 659, 61 A. L. R. (2d) 1241; Federal Housing Administration v. Burr, 309 U. S. 242, 60 S. Ct. 488, 84 L. ed. 724.