VICTOR H. SORENSON v.
MINNEAPOLIS-ST. PAUL METROPOLITAN
AIRPORTS COMMISSION.

183 N. W. (2d) 292.

January 22, 1971—No. 42416.

*Firestone, Fink, Krawetz, Miley, Maas & Noonan,* for appellant.

*Scholle, Schweiger & Kalina* and *Mark Scholle,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Kelly, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court entered after the trial court's granting of defendant's motion for summary judgment.

Plaintiff, Victor H. Sorenson, commenced an action in the Ramsey County District Court in September 1969 against the Minneapolis-St. Paul Metropolitan Airports Commission (herein referred to as MAC) to recover for personal injuries alleged to be the result of negligence occurring at the Minneapolis-St. Paul International Airport January 4, 1969.

In its answer, defendant alleged, and it appears undisputed,

that plaintiff failed and neglected to give written notice of said alleged accident within 30 days thereafter stating the time, place, and circumstances thereof, and the amount of compensation or other relief demanded, as required by Minn. St. 466.05, subd. 1.[1] The trial court agreed with defendant that the complaint failed to state a cause of action, granted defendant's motion for summary judgment, and plaintiff appeals.

The issue for our determination is whether Minn. St. 466.05, subd. 1, requires that notice of claim be given to MAC for claims arising out of accidents occurring at the Minneapolis-St. Paul International Airport.

MAC was created in 1943 as a public corporation. Minn. St. 360.103, subd. 1, states: "For the purposes herein provided there shall be created a public corporation * * * to be known as the Metropolitan Airports Commission * * *." Minn. St. 466.01, subd. 1,[2] provides that such a public corporation is a municipality. Section 466.05, subd. 1, the notice-of-claims statute, provides that any municipality must be given written notice of claim within 30 days after the alleged loss or injury.

Plaintiff argues that there is no clear legislative mandate that § 466.05, subd. 1, is intended to apply to MAC. His argument is

---

[1] "Every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. * * * No action therefor shall be maintained unless such notice has been given and unless the action is commenced within one year after such notice. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is incapacitated by the injury from giving the notice."

[2] Minn. St. 466.01, subd. 1, provides: "For the purposes of sections 466.01 to 466.15, 'municipality' means any city, whether organized under home rule charter or otherwise, any village, borough, county, town, public authority, *public corporation*, special district, school district, however organized, or other political subdivision." (Italics supplied.)

based on Minn. St. 360.107, subd. 4, which provides that MAC "may sue and be sued." It is plaintiff's contention that the failure of the legislature to further explain in the statute the manner in which the corporation may be sued indicates the lack of a clear legislative mandate that the 30-day notice provision is applicable to MAC.

As support for this contention, plaintiff cites Schultz v. Ruiz, 281 Minn. 281, 161 N. W. (2d) 537, which held the 30-day notice-of-claim and 1-year limitation provisions of Minn. St. 1961, § 465.09 (later repealed), were not applicable to the Housing and Redevelopment Authority of the City of St. Paul by reason of the rules of statutory construction and Minn. St. 462.455, which declared that the Authority shall be liable "in tort in the same manner as a private corporation." This court determined that the phrase "in the same manner" covered the procedural as well as substantive law of tort actions and that the rules of statutory construction required that the particular statute declaring liability of the Authority in tort as a private corporation controlled as against the general notice statute which was held not to apply.

We do not consider Schultz controlling here because in that case we were considering statutory language which declared that the Authority was liable "in tort in the same manner as a private corporation." Here, there is no legislative indication that MAC is to be treated as other than a public corporation for purposes of the notice-of-claim statute.

The language of the statutes pertinent to this case does present a clear legislative expression of intent to provide a public corporation, such as MAC, with the benefits of the 30-day notice-of-claim statute. It is not apparent to this court what method the legislature might have employed to indicate the applicability of § 466.05, subd. 1, to a public corporation more clearly than to say so explicitly, as it has done here. It may well be argued that 30 days' notice is not sufficient time for such a notice, but an extension of such time is a matter for the legislature and not for the courts.

Plaintiff contends that L. 1963, c. 798, coded as Minn. St. c. 466, violates Minn. Const. art. 4, § 27, which provides:

"No law shall embrace more than one subject, which shall be expressed in its title."

It is his specific contention that the title to this act did not apprise members of the Minnesota Legislature that MAC was subject to the 30-day notice-of-claim provision and that this renders the statute unconstitutional.

The title to L. 1963, c. 798, provided in pertinent part:

"An act relating to tort liability of cities, villages, boroughs, counties, towns, public authorities, certain public corporations, school districts, and other political subdivisions of the state [repealers omitted]."

This title is sufficient within the constitutional provision. It was never intended that the title be an index to the law. It is sufficient if the title apprises members of the legislature of the contents of the act. Western States Utilities Co. v. City of Waseca, 242 Minn. 302, 65 N. W. (2d) 255. Here, the statute dealt with only one subject—tort liability of certain political subdivisions of the state. All which is in the act is "naturally connected with and suggested by the subject of the act as expressed in its title." Winters v. City of Duluth, 82 Minn. 127, 132, 84 N. W. 788, 790.

Plaintiff further contends that the definition of "municipality" in the act is so broad as to include more than one subject in violation of Minn. Const. art. 4, § 27. Because the act includes only legislation germane to the single subject expressed in the title, this contention also must be rejected.

We hold that MAC is entitled to the 30-day notice of claim required by Minn. St. 466.05, subd. 1.

Affirmed.