WILLIE McCALEB v. DORA JACKSON AND ANOTHER HOUSING AND REDEVELOPMENT AUTHORITY OF ST. PAUL, RESPONDENT.

239 N. W. 2d 187.

January 16, 1976—No. 45551.

*Connolly & Heffernan* and *John S. Connolly,* for appellant. *Jardine, Logan & O'Brien* and *Graham Heikes,* for respondent.

Heard before Peterson, Kelly, and MacLaughlin, JJ., and considered and decided by the court en banc.

KELLY, JUSTICE.

Plaintiff, Willie McCaleb, appeals from a judgment dismissing with prejudice her complaint against defendant St. Paul Housing and Redevelopment Authority (hereinafter the authority) for failure to serve notice of claim on the authority as required by Minn. St. 1971, § 466.05. Plaintiff was injured on December 15, 1972, when she slipped on a snow-covered cellar door and fell through that door on premises owned by the authority and rented by defendant Dora Jackson. Plaintiff served her complaint on the authority on December 3, 1973. The district court dismissed as to the authority on November 18, 1974. Plaintiff has conceded that she did not serve notice of claim on the authority within 30 days of the date of her injury as required by Minn. St. 1971, § 466.05.[1]

The sole issue she raises on appeal is whether the notice-of-claim requirement of that statute applies to an action against a municipal housing and redevelopment authority. We hold that it does and affirm the judgment of dismissal.

Minn. St. 1971, § 466.05, subd. 1, provided in part:

"Every person who claims damages from any *municipality* for or on account of any loss or injury within the scope of section 466.02 [that is, for tort liability] shall cause to be presented to

---

[1] L. 1963, c. 798, § 5. The statute has since been amended to increase the time to give notice from 30 to 60 days and to allow that time period to run from the discovery of the injury. L. 1974, c. 311, § 1, effective August 1, 1974.

the governing body of the municipality within 30 days after the alleged loss or injury a written notice * * *." (Italics supplied.)

Minn. St. 466.01 defines "municipality" as: "any city * * *, any county, town, *public authority, public corporation,* special district, school district * * * or other political subdivision." (Italics supplied.) The relevant inquiry, therefore, is whether defendant authority is a public authority or public corporation within the meaning of this section.

The Housing and Redevelopment Act describes a municipal housing and redevelopment authority as "a public body corporate and politic." Minn. St. 462.425, subd. 1, and 462.445, subd. 1. We view it as too plain to be contested that a housing and redevelopment authority is both a public authority and a public corporation.[2]

Plaintiff relies on our decision in Schulz v. Ruiz, 281 Minn. 281, 161 N. W. 2d 537 (1968), in which we held that the notice-of-claim requirement found in Minn. St. 1961, § 465.09, a predecessor of the statute at bar which was repealed by L. 1963, c. 798, § 16, was not applicable to an action against a municipal housing and redevelopment authority. In that case we found a clear conflict between the notice-of-claim statute which applied generally to "any city" and Minn. St. 462.455 of the Housing and Redevelopment Act which provides: "An authority shall be liable in contract or in tort in the same manner as a private corporation." We resolved that conflict in the following manner:

"* * * [W]here there is irreconcilable conflict between statutes, one general and the other special or particular in scope, the particular controls over the general 'unless the general provision shall be enacted at a later session and it shall be the mani-

---

[2] When the meaning of a statute is apparent from its language, no further statutory construction is permitted. See, Minn. St. 645.16; Graber v. Peter Lametti Const. Co. 293 Minn. 24, 197 N. W. 2d 443 (1972); Knopp v. Gutterman, 258 Minn. 33, 102 N. W. 2d 689 (1960); 17B Dunnell, Dig. (3 ed.) § 8938-1.

fest intention of the legislature that such general provision shall prevail.' Minn. St. 645.26, subd. 1; Judd v. Landin, 211 Minn. 465, 1 N. W. (2d) 861; Rosenquist v. O'Neil & Preston, 187 Minn. 375, 245 N. W. 621. We therefore hold that the particular statute declaring that the Authority shall be liable in tort in the same manner as a private corporation controls and that the general notice statute does not apply." 281 Minn. 285, 161 N. W. 2d 540.

In deciding Schultz, we noted that the notice-of-claim statute in that case had been replaced with Minn. St. 466.05 of the Tort Liability Act, but we declined comment on the effect of the latter statute since that issue was not before us. 281 Minn. 286, 161 N. W. 2d 541.

Plaintiff's reliance on Schultz is misplaced for several reasons: First, the notice-of-claim statute involved in that case did not define the term "city," thus making it unclear whether that statute was intended to apply to municipal housing and redevelopment authorities. In contrast, § 466.01 defines the term "municipality" to include public authorities and public corporations. We cannot overlook such a clear expression of legislative intent to extend the benefits of the notice-of-claim requirement to municipal housing and redevelopment authorities. See, Sorenson v. Minneapolis-St. Paul Metropolitan Airports Commission, 289 Minn. 207, 183 N. W. 2d 292 (1971) (applying § 466.05 to the Metropolitan Airports Commission as a public corporation).

Second, the instant case is precisely within the exception alluded to in our language in Schultz quoted above. Minn. St. 466.01 and 466.05 are parts of the Tort Liability Act of 1963,[3] a general law enacted after Minn. St. 462.455 of the Housing and Redevelopment Act.[4] A reading of the Tort Liability Act renders irresistible the conclusion that the legislature intended it to apply generally to municipal tort liability. Therefore, the Tort Lia-

---

[3] L. 1963, c. 798.
[4] L. 1947, c. 487.

bility Act must prevail over the earlier § 462.455 on the question of notice of claim.[5]

Third, if further evidence of legislative intent is needed, it can be found in Minn. St. 466.11, which provides:

"Sections 466.01 to 466.15 are exclusive of and supersede all home rule charter provisions and special laws on the same subject heretofore and hereafter adopted."

Minn. St. 462.455 of the Housing and Redevelopment Act, as it applies to the requirement of notice of claim, is a special law and is superseded by §§ 466.01 to 466.15.[6]

Unlike other injured parties recently before this court, plaintiff does not attempt to show actual notice on the part of the authority within 30 days of her injury.[7] Nor does she assail the constitutionality of the notice-of-claim requirement.[8] In short, she gives no reason why she should be excused from the require-

---

[5] See, also, Minn. St. 645.39 (implied repeal by later law purporting to be a revision of all laws on a particular subject).

[6] The New York courts faced a problem similar to the one at bar and held that a subsequent general notice statute superseded a particular statute and barred a claim against a housing and redevelopment authority. Robinson v. New York City Housing Authority, 12 Misc. 2d 200, 176 N. Y. S. 2d 700 (1958), affirmed, 8 App. Div. 2d 747, 188 N. Y. S. 2d 262 (1959), affirmed, 7 N. Y. 2d 908, 197 N. Y. S. 2d 476, 165 N. E. 2d 425 (1960). In Robinson, the court held that a part of the Public Housing Law providing for a 6-month notice of claim was superseded by a section of the General Municipal Law providing for a 90-day notice of claim for "public corporations" as to the required notice for the Housing Authority. The trial court specifically relied on another section of the General Municipal Law providing that the 90-day notice section "shall supersede inconsistent provisions of all general, special, or local law * * *."

[7] See Kelly v. City of Rochester, 304 Minn. 328, 231 N. W. 2d 275 (1975); Jenkins v. Board of Education of Minneapolis Spec. School Dist. No. 1, 303 Minn. 437, 228 N. W. 2d 265 (1975).

[8] Kelly v. City of Rochester, 304 Minn. 328, 330, 231 N. W. 2d 275, 276 (constitutionality of notice-of-claim statute expressly left open); Annotation, 59 A. L. R. 3d 93.

ments of § 466.05. We would note, however, that this statute may prove to be manifestly unfair to persons with valid claims for serious injuries. The injured party might not know who owned the premises or instrumentalities of injury or reasonably expect that a lapse of 30 or 60 days without serving a notice would irrevocably bar recovery. Moreover, when the government carries on a business in the same manner as a private entity and thereby subjects other parties to the same risks of injury, it is only fair that it have no additional advantage in defending claims. See, Nieting v. Blondell, 306 Minn. 122, 235 N. W. 2d 597 (1975).

We hold that the notice-of-claim requirement in Minn. St. 466.05 applies to a negligence action against a municipal housing and redevelopment authority, and, since plaintiff admits she did not comply with that requirement, her action was properly dismissed.

Affirmed.