Thomas **LANGAN**, Relator,

v.

**INDEPENDENT SCHOOL DISTRICT NO. 31, BEMIDJI, MINNESOTA,**
Respondent.

No. C0–93–2220.

Court of Appeals of Minnesota.

Sept. 30, 1994.

Roger J. Aronson, Rischmiller, Knippel and Aronson, Minneapolis, for relator.

Ralph Smith, Smith Law Firm, Bemidji, for respondent.

Considered and decided by ANDERSON, P.J., and RANDALL and NORTON, JJ.

## OPINION

ANDERSON, Judge.*

Relator Thomas Langan requested reinstatement to a teaching position with respondent School District No. 31, Bemidji, Minnesota (school district), but the district denied his reinstatement request. This certiorari appeal followed. We reverse.

## FACTS

The school district employed Thomas Langan from 1972 to 1992, primarily as an administrator. He worked at the school district's vocational school and never taught in the district's primary or secondary schools. In June 1992, the school district placed Langan on unrequested leave of absence (ULA) from his position as vocational coordinator and at the same time offered him the position of special projects manager at the district's vocational college. Langan accepted the position at the vocational college.

Shortly thereafter, the vocational college program was transferred to Northwest Technical College (technical college) as part of the new joint vocational technical district. Langan worked for one year at the technical college, which then placed him on ULA effective June 1, 1993.

In March 1993, an opening for a middle school industrial arts teacher arose in the school district, and in May 1993, Langan

requested reinstatement to that position pursuant to Minn.Stat. § 136C.64 (1992). He was licensed to teach the courses. The school district refused to reinstate Langan, concluding that the school district's teachers' contract precluded his reinstatement under Minn.Stat. § 136C.64 (1992). The industrial arts teaching position was filled by a teacher new to the school district.

## ISSUE

Did the school district err by denying Langan's request for reinstatement pursuant to Minn.Stat. § 136C.64 (1992)?

## ANALYSIS

■ Langan argues that the school district erred by denying his reinstatement request under Minn.Stat. § 136C.64 (1992). The reviewing court may reverse a school district's decision if the decision is based on an erroneous theory of law. See Matter of Bristol, 451 N.W.2d 883, 884 (Minn.App. 1990). The interpretation of a statute involves a question of law, which this court reviews de novo. See Hibbing Education Ass'n v. Public Employment Relations Bd., 369 N.W.2d 527, 529 (Minn.1985).

Section 136C.64 requires the school district to offer a teaching vacancy to Langan if, within two years from his assignment to the technical college, (1) the technical college placed Langan on ULA; (2) Langan is properly licensed for the industrial art teaching position; and (3) "the contract in effect" in the school district at the time Langan transferred to the technical college authorized "transfer or assignment" to the school district.[1] Minn.Stat. § 136C.64, subd. 1.

---

* Serving as judge of the Minnesota Court of Appeals by appointment of the Minnesota Supreme Court pursuant to an order dated September 23, 1994, and filed September 23, 1994.

1. Minn.Stat. § 136C.64, subd. 1 provides:

Assignment. (a) When an independent school district becomes a member of the joint vocational technical district, a teacher, as defined in section 125.12, subdivision 1, employed by a member district and primarily assigned as a post-secondary or adult vocational education teacher there, shall be assigned to and become

an employee of the joint vocational technical district without further rights to employment in the member district, except that, for a period of two years from the date of assignment, teaching vacancies in the member district from which the teacher was assigned must be offered to the teacher assigned to the joint vocational technical district if:
(1) the teacher was placed on unrequested leave of absence by the joint vocational technical district;
(2) the teacher is properly licensed for the position; and

Langan meets the first two criteria—the technical college placed him on ULA, and he is licensed to teach middle school industrial arts. The issue we face is whether the "contract in effect" in 1992 (when Langan was assigned to the technical college) would have authorized "transfer or assignment" from the technical college to the school district. If the contract does not, then Langan is "without further rights to employment" in the school district. *Id.*

■ The threshold question is which "contract" was "in effect"—the teachers' 1992 contract or Langan's 1992 administrator's contract? Langan argues that this court should construe the term "contract" to mean his administrator's contract, and not, as the district argues, the school district's teachers' contract. We agree with Langan's position.

The word "contract," as used in section 136C.64, is qualified by the phrase "in effect"; only Langan's administrator's contract was operative, or in effect, regarding his employment with the school district at the time he was assigned to the technical college. Thus, Langan's administrator's contract is applicable. *See McCaleb v. Jackson,* 307 Minn. 15, 19, 239 N.W.2d 187, 189 (1976) (when statute's meaning is apparent from its language, no further statutory construction is permitted).

In addition, the teachers' contract's definition of "teacher" implicitly precludes applying it to Langan. The contract defines teacher as a "member of the appropriate unit," which does not include "supervisory" school district employees. *See* Minn.Stat. 179A.03, subd. 18 (1992) (defining "teacher" for Public Employee Labor Relations Act purposes). Since Langan is a supervisory employee, the teachers' contract by its own terms does not govern this case. Hence, Langan's administrator's contract is the relevant contract, and the teachers' contract, which Langan has not been a party to since 1979, is not pertinent to the analysis. *See* Minn.Stat. § 645.16 (1992) (primary object in interpreting a statute is to ascertain and effectuate the legislature's intent).

■ Having concluded Langan's administrator's contract is the relevant one, we must construe the contract's terms. There is nothing in Langan's contract that prohibits transfer or assignment from the technical college to the school district; yet, there is nothing in his contract that expressly authorizes transfer or assignment either. The school district claims that this absence of language authorizing transfer or assignment requires affirming the denial of Langan's reinstatement. It argues that when Langan left the district in 1992 to teach at the technical college, he forfeited all tenure rights with the district. We disagree.

The statute does not require explicit transfer or assignment authorization; rather, it accords reinstatement rights to a "teacher"[2] if the contract "would have authorized" assignment at the time of transfer. Minn.Stat. § 136C.64, subd. 1. Importantly, in 1992, just before Langan transferred to the technical college, the school district's board found that Langan, who at the time was employed with the school district as a post-secondary vocational supervisor, was entitled to exercise seniority over, or bump, less senior industrial arts teachers in the school district's secondary schools.[3] We conclude that this finding by the district itself shows unequivocally that Langan's contract "would have authorized" reassignment to a secondary position in the district. *See Mohn v. Indepen-*

(3) a transfer or assignment from a post-secondary or adult vocational position to a secondary position would have been authorized in the member district under the *contract in effect* at the time of that teacher's assignment to the joint vocational technical district.
(Emphasis added.)

**2.** Section 136C.64 uses the definition of teacher as provided in Minn.Stat. § 125.12, subd. 1 (1992), which includes "[a] principal, supervisor, and * * * any other professional employee required to hold a license from the state depart-

ment." Langan fits within this definition of teacher.

**3.** Following a ULA hearing on May 7, 1992, regarding Langan's vocational coordinator position, an administrative law judge found that Langan had "bumping rights," which entitled him to exercise seniority over less senior teachers in industrial arts teaching positions in the school district's primary and secondary schools. On May 28, 1992, the school district's board adopted the administrative law judge's findings of fact.

*dent Sch. Dist. No. 697,* 471 N.W.2d 723, 727 (Minn.App.1991) (a teacher's right to tenure is construed liberally to protect employees who have proven their fitness), *pet. for rev. denied* (Minn. Aug. 29, 1991). Accordingly, the school district erred as a matter of law by not reinstating Langan from ULA for the 1993–94 school year. *See Bristol,* 451 N.W.2d at 884 (reviewing court shall reverse school district's decision if it is based on an erroneous theory of law).

Langan also claims he is entitled to reinstatement based on Minn.Stat. § 125.12, subd. 6b(e) (1992). Because we conclude that Langan has reinstatement rights under section 136C.64, we need not reach the issue of section 125.12's application to this case.

### DECISION

The school district's decision to deny Langan's reinstatement request is reversed.

**Reversed.**