Sandy TISCHER, Respondent,

v.

**HOUSING AND REDEVELOPMENT AUTHORITY OF CAMBRIDGE, Appellant.**

No. A03–845.

Court of Appeals of Minnesota.

March 2, 2004.

Thomas P. Malone, Edward P. Sheu, Barna, Guzy & Steffen, Ltd., Minneapolis, for respondent.

John M. LeFevre, Jr., Mary D. Tietjen, Kennedy & Graven, Chartered, Minneapolis, for appellant.

Considered and decided by WRIGHT, Presiding Judge, and LANSING, Judge, and KALITOWSKI, Judge.

## OPINION

LANSING, Judge.

On appeal from an order denying a motion to dismiss for lack of jurisdiction, the Cambridge Housing and Redevelopment Authority argues that the order should be reversed as a matter of law because the exclusive remedy for Sandy Tischer's breach-of-contract claim is a writ of certiorari to the court of appeals. We agree. Absent statutory authority for a different process, a timely petition for a writ of certiorari is the exclusive method of obtaining judicial review for public-sector employment termination. Because Minn. Stat. § 469.014 (2002) does not authorize district courts to review a housing authority's quasi-judicial employment-termination decision, we reverse.

## FACTS

The Cambridge Housing and Redevelopment Authority (HRA) employed Sandy Tischer as its executive director. In April 2002, the Cambridge City Council adopted an ordinance that transferred the HRA's projects, programs, activities, and employees to the Cambridge Economic Development Authority (EDA). As a result, the HRA lost its power to retain or compensate employees. The HRA held an emergency meeting and offered Tischer a two-year employment contract, which included all wages and benefits that would have accumulated if the city council had not transferred the powers of the HRA to the EDA. Tischer accepted this offer.

The HRA Board of Commissioners adopted resolutions in May 2002 that amended the HRA's bylaws, provided for the lay off of the executive director, and eliminated the HRA's power to employ an executive director after May 21, 2002. The HRA then terminated Tischer's employment.

Tischer filed a complaint against the HRA in district court alleging breach of contract and unpaid wages. The HRA moved to dismiss Tischer's claims due to lack of subject matter jurisdiction, arguing that Tischer's termination was a quasi-judicial decision that may only be reviewed by writ of certiorari to the court of appeals. The district court denied the HRA's motion to dismiss, concluding that although the HRA's decision to terminate Tischer was quasi-judicial, Minn.Stat. § 469.014 (2002) provides statutory authority for the district court to review Tischer's claims. The HRA now appeals the district court's decision.

## ISSUE

Does Minn.Stat. § 469.014 (2002) provide statutory authority for a district court to review a Housing and Redevelopment Authority's quasi-judicial decision on employment termination?

## ANALYSIS

■ Cities may establish housing and redevelopment authorities "to provide a sufficient supply of adequate, safe, and sanitary dwellings ... to protect the health, safety, morals, and welfare of the citizens of this state." Minn.Stat. § 469.001(1) (2002). These authorities form part of the executive branch of government but exercise quasi-judicial functions in their operation. For example, as a public employer, an authority's decision to terminate an employee is a quasi-judicial act. *See Dietz v. Dodge County,* 487 N.W.2d 237, 239–40 (Minn.1992) (termination of a public employee is a quasi-judicial act); *see also Oakman v. City of Eveleth,* 163 Minn. 100, 108–09, 203 N.W. 514, 517 (1925) (stating that a quasi-judicial act occurs when public agency uses its discretionary power to investigate and consider an issue based on evidentiary facts).

■ "Constitutional principles of separate governmental powers require that the judiciary refrain from a de novo review of administrative decisions." *Dokmo v. Indep. Sch. Dist. No. 11,* 459 N.W.2d 671, 674 (Minn.1990). These constitutional principles are protected when a reviewing court exercises only limited jurisdiction over administrative decisions through certiorari. *Id.* Before the legislature created the court of appeals, district courts acted in an appellate capacity by granting certiorari to review administrative quasi-judicial decisions. *See Strand v. Special Sch. Dist. No. 1,* 392 N.W.2d 881, 883 (Minn.1986) (discussing writ of certiorari issued by district court). But "[t]he creation of the court of appeals precipitated numerous statutory and appellate rule amendments which generally substituted [this] court for the district court in those areas in which the latter court acted in an appellate capacity." *Id.*

In *Strand,* the supreme court interpreted the absence of explicit statutory or appellate rule authority for review in the district court as legislative intent to vest exclusive certiorari jurisdiction in the court of appeals for review of teacher-termination appeals. *Id.* Over time, this interpretation has been expanded to encompass the quasi-judicial decisions of other public agencies. *See, e.g., Dokmo,* 459 N.W.2d at 673 (applying interpretation to all school board decisions on "teacher related matters"); *Mowry v. Young,* 565 N.W.2d 717, 720 (Minn.App.1997) (applying interpretation to a police reserve unit), *review denied* (Minn. Sept. 18, 1997); *Naegele Outdoor Adver., Inc. v. Minneapolis Cmty. Dev. Agency,* 551 N.W.2d 235, 238 (Minn.App. 1996) (applying interpretation to a community development agency); *Micius v. St. Paul City Council,* 524 N.W.2d 521, 523 (Minn.App.1994) (applying interpretation to a city council).

■ It is now the general rule that, absent an explicit statutory or appellate rule authorizing review in the district court, judicial review of all administrative quasi-judicial decisions must be invoked only by writ of certiorari to the court of appeals. *See Dietz,* 487 N.W.2d at 239 (stating "[t]his court has long held that in the absence of an adequate method of review or legal remedy, judicial review of the quasi-judicial decisions of administrative bodies, if available, must be invoked by writ of certiorari" to the court of appeals, and that this conclusion "has never inhered in school board cases alone"). The only exception to this rule occurs in zoning matters. *See Honn v. City of Coon Rap-*

*ids,* 313 N.W.2d 409, 416 (Minn.1981) (providing procedure for review of legislative and quasi-judicial zoning decisions); *see also White Bear Rod & Gun Club v. City of Hugo,* 388 N.W.2d 739, 742 (Minn.1986) (concluding that "certiorari ordinarily is no longer appropriate in reviewing any zoning matter, legislative or quasi-judicial"). Thus, unless a statute or rule explicitly provides otherwise, a writ of certiorari is the only mechanism by which a public-sector employee may obtain judicial review of an employment termination. *Dietz,* 487 N.W.2d at 239–40.

■ In this appeal, the HRA argues that the district court erred by denying its motion to dismiss because there is no statute that explicitly authorizes the district court to review Tischer's breach-of-contract claim. The HRA argues that a writ of certiorari to the court of appeals is Tischer's exclusive remedy in this cause of action. Tischer, however, asserts that the district court correctly concluded that Minn.Stat. § 469.014 (2002) provides statutory authority for the district court to review her breach-of-contract claim.

■ We note at the outset that the supreme court has determined that an employee's termination claim, even when "cloaked in the mantle of breach of contract" remains a claim for wrongful discharge. *Willis v. County of Sherburne,* 555 N.W.2d 277, 282 (Minn.1996). "[W]hen the alleged breach of the employment contract of a governmental employee results in termination" by a public, executive body "the claimant may contest the employer's action by certiorari alone." *Id.*

Minn.Stat. § 469.014, which specifically applies to housing and redevelopment authorities, states that "[s]ubject to the provisions of chapter 466, an authority shall be liable in contract or in tort in the same manner as a private corporation." Whether this statute authorizes an alternative process for challenging the HRA's employment termination decisions, other than by writ of certiorari, is a matter of statutory construction that we review de novo. *See O'Malley v. Ulland Bros.,* 549 N.W.2d 889, 892 (Minn.1996) (construing a statute on undisputed facts is question of law); *Morton Bldgs., Inc. v. Comm'r of Revenue,* 488 N.W.2d 254, 257 (Minn.1992) (same).

The district court relied on *Schultz v. Ruiz,* 281 Minn. 281, 161 N.W.2d 537 (Minn.1968), to support its conclusion that section 469.014 provides authority for an alternate review process. In *Schultz,* the supreme court construed Minn.Stat. § 462.455 (1961), a predecessor statute to section 469.014, which stated that a municipal housing authority "shall be liable in contract or in tort in the same manner as a private corporation." *Id.* at 284, 161 N.W.2d at 540. The supreme court determined that the phrase "in the same manner" was "intended to encompass both the procedural and substantive law" applicable to liability in tort actions. *Id.* Applying this construction, the district court determined that the identical language in section 469.014 authorized Tischer to file her breach-of-contract claim in district court.

But the holding in *Schultz* focuses on the primacy of a statute relating to liability, not on the availability of an alternate procedure for obtaining review of a housing-authority action. The narrow issue decided in *Schultz* was whether Minn.Stat. § 462.455, as it related to housing authorities, prevailed over the notice-of-claim statute then in effect that governed conditions precedent to suit against a public agency. *Id.* at 284–85, 161 N.W.2d at 540–41. The current statutory framework for municipal tort liability, Minn.Stat. §§ 466.01–.15 (2002), expressly extends notice-of-claim provisions to municipal housing and redevelopment authorities. *See McCaleb v. Jackson,* 307 Minn. 15, 18, 239

N.W.2d 187, 189 (1976) (noting "clear expression of legislative intent to extend the benefits of the notice-of-claim requirement to municipal housing and redevelopment authorities"); *see also Minn.Stat.* § 469.014 (2002) (stating that liability of housing authority is subject to chapter 466). Thus, even the narrow issue decided in *Schultz* has been materially changed by legislation. But in either time frame, *Schultz* does not provide a basis for Tischer's claim that section 469.014 supplies an alternate process for review of the HRA's quasi-judicial decision to terminate her employment.

Neither do we find a basis for an alternate process of review in the language of the statute itself. Section 469.014 states that an authority "shall be *liable* in contract or in tort in the same manner as a private corporation." (Emphasis added.) Under a plain reading of this language, section 469.014 merely establishes the extent of a housing authority's liability, not a procedure for obtaining review of a wrongful discharge claim. Given the incremental but uninterrupted development of caselaw providing that certiorari to the court of appeals is the exclusive method of reviewing all administrative quasi-judicial employment-termination decisions, we decline to broadly interpret section 469.014's general tort-and-contract-liability provisions to create an exception.

## DECISION

The district court erred by denying the HRA's motion to dismiss the appeal for lack of jurisdiction because Minn.Stat. § 469.014 (2002) does not provide an alternate process for reviewing Tischer's breach-of-contract claim. Tischer's sole remedy was to appeal to this court by certiorari.

**Reversed.**