**R.G.C., Jr., Appellant,**

v.

**MINNESOTA DEPARTMENT OF CORRECTIONS, Respondent.**

No. A08–0669.

Court of Appeals of Minnesota.

Jan. 27, 2009.

R.G.C., Jr., Minneapolis, MN, pro se appellant.

Lori Swanson, Attorney General, Margaret E. Jacot, Assistant Attorney General, St. Paul, for respondent.

Considered and decided by SCHELLHAS, Presiding Judge; JOHNSON, Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.*

Appellant's challenge to his classification as a level III sex offender was dismissed by the district court for lack of subject-matter jurisdiction. On appeal, he argues that the district court had jurisdiction because he was challenging the retroactive

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

use of the law, not the classification of his offense. Appellant asserts that only the district court can interpret the act and determine if it applies to offenders retroactively. We affirm.

## FACTS

Appellant R.G.C. was convicted of two counts of third-degree criminal sexual conduct in 1991 and a like offense in 1993. He was released from prison in 1996 but returned to Department of Corrections (DOC) custody in January 2000 because of a parole-condition violation.

In 2001, the DOC held an end-of-confinement review committee hearing and assigned appellant a community notification risk level of III under the Minnesota Sex Offender Community Notification Act, Minn.Stat. § 244.052 (1996 and Supp.1997). Appellant sought review of this assignment, and the case was scheduled to be heard by an administrative law judge (ALJ). Before a postponed date for the hearing, appellant withdrew his appeal.

In March 2007, after appellant had been released, but then returned to DOC custody, he requested but was denied a new end-of-confinement review. He then filed this suit in district court. On February 22, 2008, the district court dismissed the case with prejudice after determining that it lacked subject-matter jurisdiction to review the end-of-confinement review committee's decision.

## ISSUE

Did the district court have subject-matter jurisdiction?

## ANALYSIS

■ Appellant argues that a ruling on the retroactive application of the classification/notification law can only occur in the district court. We review de novo the district court's jurisdiction determination.

*State v. Busse,* 644 N.W.2d 79, 82 (Minn. 2002).

■ Generally, "absent an explicit statutory or appellate rule authorizing review in the district court, judicial review of all administrative quasi-judicial decisions must be invoked only by writ of certiorari to the court of appeals." *Tischer v. Housing and Redevelopment Auth. of Cambridge,* 675 N.W.2d 361, 363 (Minn.App. 2004), *aff'd,* 693 N.W.2d 426 (Minn.2005). This distinction, based on separation of powers principles, also applies to questions of law. *See Dietz v. Dodge County,* 487 N.W.2d 237, 240 (Minn.1992) (holding whether a teacher entered into a "for cause" or "at will" employment contract is a question of law that is appropriate for review on certiorari). "District courts should not exercise jurisdiction over matters that intrude into the policy decisions of the legislative and executive branches." *Zuehlke v. Ind. Sch. Dist. No. 316,* 538 N.W.2d 721, 725 (Minn.App.1995) (holding that certiorari appeal to the appellate courts is the appropriate method of challenging a school boards interpretation of a statute).

■ The statute states that "[a]n offender assigned or reassigned to risk level II or III ... has the right to seek administrative review of an end-of-confinement review committee's risk assessment determination." Minn.Stat. § 244.052, subd. 6(a). The act specifies that the review hearing is subject to the contested-case provisions of chapter 14 governing administrative proceedings. *Id.* Chapter 14 provides for judicial review of contested cases but specifies that this is by a writ of certiorari that "must be filed with the court of appeals." Minn.Stat. § 14.63 (2006) (emphasis added).

Thus, the law prescribes a process of administrative review and further judicial

review by a writ of certiorari. Appellant asserts that an alternative process, with initial district court jurisdiction, should be permitted when he asserts that the statute was retroactively and thus wrongfully applied to him. But an ALJ has the power to interpret statutes and determine the applicability of laws. *See Matter of Risk Level Determination of C.M.*, 578 N.W.2d 391, 394 (Minn.App.1998) (reviewing by certiorari the ALJ interpretation of "sex offender" where relator challenged that he was not a "sex offender" and should not have been subject to an end of confinement review). Appellant has submitted neither legal analysis nor citations to show that the ALJ could not decide whether the notification statute applied to him. He had the opportunity to challenge the retroactive application of the statute in the appeal to the ALJ that he withdrew.

## DECISION

The district court properly determined that it had no jurisdiction over appellant's challenge to his end-of-confinement classification.

**Affirmed.**