*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1189**

Rudolph Cooper,
Relator,

vs.

Minnesota Department of Corrections,
Respondent.

**Filed January 11, 2016
Affirmed
Cleary, Chief Judge**

Minnesota Department of Corrections
File No. 5091

Rudolph Cooper, Bayport, Minnesota (pro se relator)

Lori Swanson, Attorney General, Angela H. Kiese, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Cleary, Chief Judge; Ross, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CLEARY**, Chief Judge

Relator Rudolph Cooper filed this certiorari appeal from a grievance appeal report issued by the Minnesota Department of Corrections (DOC) dismissing his grievance appeal in which he sought to remove his risk-level assignment and to request a new risk-level assessment prior to his release from confinement for his current incarceration.

Because relator has not demonstrated that the DOC's dismissal of the grievance appeal was erroneous or contrary to statute, we affirm.

## FACTS

Relator has three prior convictions of third-degree criminal sexual conduct. *R.G.C., Jr. v. Minn. Dep't of Corr.*, 760 N.W.2d 329, 330 (Minn. 2009). In 2001, before his release from prison on a check forgery conviction, the DOC convened an end-of-confinement review committee (ECRC) under the Community Notification Act (the Act), Minn. Stat. § 244.052 (2000), and the ECRC assigned relator a risk-level III. *R.G.C.*, 760 N.W.2d at 330. Relator had an opportunity to seek administrative review of the risk-level determination by the contested-case proceedings provided in Minnesota Statutes chapter 14, and further judicial review by a writ of certiorari, but he withdrew the appeal before it was heard by the administrative law judge. *Id.* at 330-31 (citing Minn. Stat. § 244.052, subd. 6(a)).

Subsequently, relator has made numerous attempts to challenge the risk-level III determination. Relator's current challenge is a grievance filed while he was incarcerated at the Minnesota Correctional Facility-Stillwater on a conviction of third-degree assault from Ramsey County.[1] In the grievance, relator requested that the DOC vacate his risk-level assignment on the ground that he should not have been assigned a risk level in 2001 because his criminal-sexual-conduct offenses were sentenced before the effective date of

---

[1] Relator is currently incarcerated serving a sentence for a third-degree assault conviction from Anoka County, which is consecutive to the Ramsey County third-degree assault sentence.

2

the Act.  Relator also sought a new assessment by the ECRC upon his release from confinement on the felony assault.  *See* Minn. Stat. § 244.052, subd. 3(d)(i) (2014) (providing that commissioner convene ECRC 90 days prior to release to assess risk level of predatory offender).  The DOC dismissed the grievance appeal on July 6, 2015.  This certiorari appeal followed.

## D E C I S I O N

On appeal of an administrative agency's decision, this court examines the record to determine whether the commissioner's decision "was arbitrary, oppressive, unreasonable, fraudulent, under an erroneous theory of law, or without any evidence to support it."  *Dietz v. Dodge County*, 487 N.W.2d 237, 239 (Minn. 1992) (quotation omitted).  But we apply a de novo standard of review to an agency's interpretation of a statute.  *Braatz v. Parsons Elec. Co.*, 850 N.W.2d 706, 710 (Minn. 2014).  The object of statutory interpretation is "to ascertain and effectuate the intention of the legislature."  Minn. Stat. § 645.16 (2014).

Relator asserts that the Act does not apply to him because his sentences for the third-degree criminal-sexual-conduct convictions expired before the Act's effective date.  The relevant section of the Act became effective January 1, 1997, and applies "to persons released or sentenced on or after that date."  1996 Minn. Laws ch. 408, art. 5, § 8, at 667.  Relator is correct that each of his three criminal-sexual-conduct sentences expired before the effective date of the Act.

Nonetheless, the DOC argues that the statute applied to relator upon his release from confinement in 2001 because the Act expressly applies to persons released from

3

prison after the effective date. In other words, it is the predatory-offender designation and not the offense of conviction that required relator to register in 2001. The DOC's argument is persuasive.

The predatory-offender-registration statute, enacted in 1991, specifically states that it "is effective August 1, 1991, and applies to offenders released from imprisonment on or after that date." 1991 Minn. Laws ch. 285, § 13, at 1329. Based on this enacting language, the predatory-offender-registration statute has been consistently interpreted as applying to all offenders released from prison after the effective date, regardless of the date of the conviction offense. *See State v. Manning*, 532 N.W.2d 244, 247 (Minn. App. 1995) (noting predatory-offender statute's enacting legislation applies retroactively), *review denied* (Minn. Jul. 20, 1995); *State v. Lilleskov*, 658 N.W.2d 904, 908 (Minn. App. 2003) (noting "predatory-offender-registration statute, which imposes a duty to register based on a status that is triggered by an earlier act, can hardly be understood except as applied retroactively").

The Act uses similar effective-date language as the predatory-offender-registration statute, i.e., stating that it applies "to persons released or sentenced on or after" the January 1, 1997, effective date. 1996 Minn. Laws ch. 408, art. 5, § 8, at 667. This language evidences the legislature's intent to apply the Act to individuals who meet the definition of predatory offender and who are released from prison after the effective date of the Act, regardless of when the offense was committed.

Additionally, because the Act only applies to persons who are predatory offenders and that definition controls who is subject to a risk-level determination, any changes to

4

the definition of predatory offender control who is subject to the Act. For example, when the Act became effective, it applied to "sex offender[s]" defined as persons required to register as predatory offenders under section 243.166. 1996 Minn. Laws ch. 408, art. 5, § 4, at 660. Section 244.052 was amended and expanded in 2000 to apply to all predatory offenders released from confinement or sentenced after August 1, 2000. 2000 Minn. Laws ch. 311, art. 2, §§ 11, 16, at 197, 206. At that time, the legislature also changed the definition of persons subject to community notification under the Act from "sex offender" to "predatory offender." *Id.*, § 11, at 197.

In 2001, relator met the definition of predatory offender based on his third-degree criminal-sexual-conduct convictions. Minn. Stat. § 243.166, subd. 1(a)(iii) (2000). Because he was a predatory offender, the Act applied to him when he was released from prison in 2001.

Relator's grievance appeal also requested a new assessment, under section 244.052, subdivision 3(d)(i) (2014), because he is under a new qualifying commitment for third-degree assault.[2] Relator argues that section 244.052, subdivision 3(d)(i), requires the DOC to convene an ECRC for each predatory offender before it releases the

---

[2] If the Act did not apply to relator in 2001, he would be subject to the ECRC assigning a risk level upon his release from prison for his current incarceration offense, felony assault, based on his prior convictions for criminal sexual conduct. Minn. Stat. §§ 243.166, .167 (2014). Relator's current convictions preclude reassessment, however. An offender may request a reassessment, provided the offender is in full compliance with registration requirements and has not "been convicted of any felony, gross misdemeanor, or misdemeanor offenses subsequent to the assignment of the original risk level." Minn. Stat. § 244.052, subd. 3(i) (2014).

offender from prison. It is true that release violators are the only offenders who expressly lack the right to an assessment and that relator is not a release violator. Minn. Stat. § 244.052, subd. 3(j) ("Offenders returned to prison as release violators shall not have a right to a subsequent risk reassessment by the end-of-confinement review committee unless substantial evidence indicates that the offender's risk to the public has increased.").

Although relator is not a release violator, his argument fails because the Act applied to him in 2001. Relator met the statutory definition of someone required to register as a predatory offender in 2001 based on his prior third-degree criminal-sexual-conduct convictions. The DOC complied with its statutory obligation under the Act when the ECRC assigned relator a risk level prior to his release from confinement in 2001.

Because relator has not demonstrated that the Act did not apply to him or that the DOC failed to properly implement the Act, the DOC's dismissal of relator's grievance appeal was not "arbitrary, oppressive, unreasonable, fraudulent, under an erroneous theory of law, or without any evidence to support it." *Dietz*, 487 N.W.2d at 239 (quotation omitted).

**Affirmed.**